# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 12-0045 (SRN/JJG) |
| Plaintiff, | |
| v. | |
| Mark Edward Wetsch, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

---

Deidre Y. Aanstad and Kevin S. Ueland, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Mark Edward Wetsch, Sherburne County Jail, 13880 Business Center Drive NW, Elk River, Minnesota 55330, Pro Se

Jordan Kushner, Law Office of Jordan S. Kushner, 431 South Seventh Street, Suite 2446, Minneapolis, Minnesota 55415, Standby Counsel for Defendant

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant's Pro Se Stay of Order Pending Appeal [Doc. No. 82] and Addendum [Doc. No. 83]. The Court construes these filings as an appeal of Magistrate Judge Jeanne Graham's Order of September 12, 2012 [Doc. No. 73]. "The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp.2d 1005, 1007 (D. Minn.1999). This Court will reverse such an order only if it is

clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). Having conducted the required review, the appeal is granted in part, denied in part, and denied as moot in part.

I. BACKGROUND

Defendant appeals from Magistrate Judge Graham's September 12, 2012 Order in which she granted Defendant's request to proceed without counsel and denied his request for a transfer of custody from the Anoka County Jail to the Sherburne County Jail. (Order at 1 [Doc. No. 73].) Wetsch contends that the Anoka County Jail's legal library has limited hours and materials. (Appeal at 1 [Doc. No. 82].) In addition, Defendant seeks an order recusing Magistrate Judge Graham "due to abuse of judicial discretion." He also contends that he has not been given certain pretrial discovery and objects to the briefing deadlines set forth in the September 12, 2012 Order.

The procedural and factual background of this case is thoroughly set forth in the Magistrate Judge's September 12 Order (Order at 1-9 [Doc. No. 73]), which the Court incorporates herein by reference. In brief, Defendant is charged with thirteen counts of armed bank robbery. (2/6/12 Indictment [Doc. No. 4].) As an indigent defendant, Wetsch was represented by Federal Defenders Caroline Durham and Reynaldo Aligada.

A. August 27, 2012 Hearing

In mid-August 2012, Defendant, on his own behalf, filed a motion with the Court, requesting substitute counsel. (Letter from Defendant [Doc. No. 60].) In his motion, Wetsch enumerated the following complaints with counsel: that he was unaware of

2

continuances filed by defense counsel, that he had not reviewed discovery with defense counsel, and that he had authorized a plea agreement only under limited circumstances, which had not transpired. (Id. at 1-3.)

At the August 27 hearing at which Wetsch's motion was considered, the Magistrate Judge ruled from the bench, denying Defendant's Motion for Substitute Counsel. (Transcript of 8/27/12 Hearing at 3 [Doc. No. 66].) The ruling was memorialized in a written Order dated August 28, 2012. (Order of 8/28/12 at 3 [Doc. No. 64].) In reaching her decision, the Magistrate Judge first noted that indigent criminal defendants do not have the right to choose particular appointed counsel. (Transcript of 8/27/12 Hearing at 3 [Doc. No. 66].) Rather, Magistrate Judge Graham stated, once an indigent criminal defendant is determined to be eligible for court-appointed counsel by the Court, it is the Chief Federal Defender's task to select an attorney from within that office, or a private attorney, through the Criminal Justice Act ("CJA"). In this instance, Federal Defenders Caroline Durham and Reynaldo Aligada were appointed to represent Wetsch. Magistrate Judge Graham noted that Durham and Aligada are both experienced, intelligent attorneys, considered by both the federal bench and the bar to be two of the best attorneys in the state. (Id. at 4.)

The Magistrate Judge considered Defendant's allegations regarding his counsel and found only that Defendant and counsel disagreed on strategy. (Id. at 6-7.) She found no showing of bad faith, maliciousness, conflict of interest, irreconcilable conflict, or a complete breakdown in communication. (Id.) The Magistrate Judge therefore denied

Wetsch's Motion for Substitution of Counsel, and proceeded to conduct the pretrial criminal motions hearing.

### B. September 6, 2012 Hearing

Following the August 27 hearing, Defendant filed a motion to proceed pro se and also raised concerns about his pretrial confinement in the Anoka County Jail, to which he had recently been moved [Doc. No. 67]. A hearing on this motion was held before Magistrate Judge Graham on September 6, 2012. The portion of the hearing concerning Defendant's motion for self-representation was held pursuant to Faretta v. California, 422 U.S. 806, 821 (1975) (holding that the Sixth Amendment gives a defendant the right to represent himself at trial, so long as he knowingly and voluntarily waives his right to be represented by counsel). At the hearing, Wetsch again reiterated his disagreements with attorneys Durham and Aligada about certain decisions made by them on his behalf, including various requests for continuances, the scheduling of a change of plea hearing, the very fact of a change of plea hearing, and the substance of certain pretrial motions, specifically that his counsel did not file a motion to sever. (Transcript of 9/6/12 Hearing at 18 [Doc. No. 77].)

Magistrate Judge Graham advised Wetsch of his right to counsel, noting that he could waive his right to counsel and represent himself, if he could demonstrate that this decision was made knowingly, intelligently, and voluntarily. (Transcript of 9/6/12 Hearing at 3; 10 [Doc. No. 77].) The Magistrate Judge asked Wetsch if it was his intention to proceed without counsel, repeatedly advising him of the risks and challenges

4

of self-representation, including the length of any possible criminal sentence. (Id. at 3-12.) In addition, Magistrate Judge Graham asked numerous questions about Wetsch's educational level, familiarity and experience with the legal system, and general understanding of legal processes and procedures. (Id. at 12-22.) Wetsch again declared his intention to proceed pro se, acknowledging the risks of pro se representation. (Id. at 20-21.) Finding that Wetsch's responses indicated his full awareness of the right to counsel, and of the consequences of the decision to forego the assistance of counsel, Magistrate Judge Graham concluded that Defendant knowingly, voluntarily, and intelligently waived his right to counsel. (Id. at 22.)

With respect to his appointed counsel, Wetsch expressly acknowledged the competency of his counsel, stating, "There is no doubt that these two attorneys are very competent." (Id. at 19). However, later in the hearing, he stated that he had hoped to have counsel, but because his voice was not being heard by counsel, he felt that he was not "adequately, effectively represented." (Id. at 33.) Magistrate Judge Graham thereupon directed questions to Wetsch regarding the competency and effectiveness of his appointed counsel:

> THE COURT: Competent appointed counsel, you do not have a constitutional right as to who you get as appointed counsel and we went through that already. But, even as I hear you today, there are many a defendant who don't agree specifically with decisions and strategies on what should be or should not be filed, that does not rise to the level of justifiable disagreement between counsel and client. But, what concerns me is what you are saying is, you feel as if, that is, that going pro se may be your only choice, and I won't let you go pro se if you think that is your only choice. The choice is either competent appointed counsel or going pro se, that is your choice.

5

> THE DEFENDANT: And I understand that fully. And if there is any ambiguity here, I want to erase that, because I understand going pro se, that will allow me to represent myself the way I feel that this defense should proceed. And I fully want to exercise that.
>
> THE COURT: All right.
>
> THE DEFENDANT: I understand that these two are very, very competent and capable. I want to recuse them, so to speak, and I want to proceed pro se.

(Id.)

Magistrate Judge Graham found that Defendant voluntarily, knowingly, and intelligently waived his right to counsel and granted his Motion to Proceed Without Counsel. (Id. at 36; Order of 10/3/12 at 2 [Doc. No. 95].) The Magistrate Judge also scheduled a hearing for October 25, 2012 on any unresolved motions filed since the previous pretrial motions hearing. (Id.) Magistrate Judge Graham further issued an Order directing the Office of the Federal Defender to appoint standby counsel for Wetsch (Order of 10/3/12 at 3 [Doc. No. 95]), and the Federal Defender's Office appointed attorney Jordan Kushner as standby counsel. (CJA 20 Appointment [Doc. No. 101].)

### C. October 25, 2012 Hearing

At the October 25, 2012 hearing before Magistrate Judge Graham, attended by Wetsch, counsel for the Government, and standby defense counsel, the Magistrate Judge again inquired of Defendant as to whether he wished to continue to proceed pro se. The Magistrate Judge granted a recess to allow Defendant and Mr. Kushner to communicate. Following the recess, Wetsch voiced his desire to proceed pro se.

Magistrate Judge Graham also addressed issues related to discovery at the hearing.

6

Counsel for the Government agreed to provide or make available the particular discovery in a form accessible to Defendant. Further, Magistrate Judge Graham ordered a briefing schedule concerning certain issues that were not previously raised at Defendant's previous pretrial motions hearing.

The Magistrate Judge heard additional argument from Defendant regarding his desire to move from the Anoka County Jail to the Sherburne County Jail. On the record before the Court, Magistrate Judge Graham found that there was no reason for Wetsch to remain detained in the Anoka County Jail and ordered that he be transferred to the Sherburne County Jail. (Order of 10/26/12 at 2 [Doc. No. 122].)

As to Defendant's motion seeking the recusal of Magistrate Judge Graham, the Magistrate Judge denied his motion.

## II. DISCUSSION

Based on the rulings made at the October 25, 2012 hearing, which occurred after the filing of Wetsch's instant appeal, certain matters raised by Defendant in his appeal have since been rendered moot. The portion of Defendant's appeal concerning his requested transfer to the Sherburne County Jail, is denied as moot. To the extent that his appeal requested access to certain legal resources and access to the facility's law library, that portion of his appeal is likewise denied as moot by virtue of Defendant's transfer to the Sherburne County Jail. Additionally, the portion of Wetsch's appeal concerning filing deadlines and hearing dates is denied as moot, as those issues were addressed at the October 25 hearing before Magistrate Judge Graham. As to Defendant's request that the

Court file a copy of the transcript of the September 6, 2012 hearing, that is also denied as moot, as the transcript is found on the Court's docket at Docket Number 77. The Court therefore addresses the remaining issues raised in Wetsch's appeal regarding his motion to recuse Magistrate Judge Graham and the ruling concerning his pro se representation.[1] (Appeal at 1, 5 [Doc. No. 82].)

## II. DISCUSSION

### A. Motion for Recusal

Defendant argues that the Magistrate Judge should be disqualified or removed based on "an abuse of judicial discretion." (Appeal at 1 [Doc. No. 82].) Defendant cites no authority for his motion, other than his apparent disagreement with certain rulings made by Magistrate Judge Graham. Disagreement with judicial action is not a proper basis upon which a party may seek recusal. Whether the motion is reviewed pursuant to 28 U.S.C. § 144, relating to prejudice or bias of the assigned federal judge, or pursuant to 28 U.S.C. § 455, stating justifications for disqualification of a justice, judge, or magistrate judge, the asserted prejudice or bias must be personal, or extrajudicial, rather than official. Liteky v. United States, 510 U.S. 540, 548-50 (1994). Defendant has provided no evidence supporting his claim to either Magistrate Judge Graham or to the

---

[1] As to Wetch's request for an evidentiary hearing on his appeal, it is denied. The Local Rules governing appeals from non-dispositive rulings of magistrate judges, such as this, do not provide for oral argument or evidentiary hearings. D. Minn. L.R. 72.2(a). Even as to the review of dispositive matters made pursuant to a magistrate judge's report and recommendation, the Local Rules do not contemplate further hearings: "The District Judge, however, need not normally conduct a new hearing and may consider the record developed before the Magistrate Judge and make a determination on the basis of that record." D. Minn. L.R. 72.2(b).

undersigned, and has cited no justification for disqualification or recusal. Nor has Defendant presented new evidence to support a claim of bias, prejudice, or conflict of interest on the part of the Magistrate Judge. The Court thus finds that the Magistrate Judge's ruling denying recusal was neither clearly erroneous nor contrary to law. The Court therefore affirms Magistrate Judge Graham's ruling denying petitioner's motion for recusal of the Magistrate Judge.

### B. Substitution of Counsel and Pro Se Representation

While the instant appeal challenges Magistrate Judge Graham's September 12 Order in which she granted Defendant's Motion to Proceed Without Counsel, Wetsch also cross-references in his appeal the Magistrate Judge's earlier ruling of August 28 denying his Motion for Substitution of Counsel. To the extent that Wetsch challenges the denial of his Motion for Substitution of Counsel, a timely appeal of that specific ruling would have been more procedurally proper. However, the substitution of counsel issue arose again at the September 6 hearing on Defendant's Motion to Proceed Without Counsel, and is therefore addressed in Magistrate Judge Graham's September 12 Order on Defendant's pro se motion. (Order of 9/12/12 at 11-12 [Doc. No. 73].) Because of the way in which Wetsch has framed the issues in the instant appeal, his Motion for Substitution of Counsel is closely related to his Motion to Proceed Without Counsel. Moreover, despite the Magistrate Judge's subsequent ruling granting Defendant's Motion to Proceed Without Counsel, Defendant has not withdrawn the instant appeal, in which he argues that he was forced to choose between pro se representation or proceeding with

counsel that he found ineffective and unprepared. The Court therefore considers both matters, i.e., Wetsch's Motion for Substitution of Counsel and his Motion to Proceed Without Counsel, to be properly before the Court.

In deciding a motion for substitution of appointed counsel brought by an indigent defendant, courts are to apply an "interests of justice" standard. See Martel v. Clair, __U.S. ___, 132 S. Ct. 1276, 1285 (2012) (holding that same standard of "interests of justice" applies to decide substitution of counsel motions brought by indigent capital defendants and habeas petitioners in capital cases as to substitution of counsel motions brought by federal defendants in non-capital cases). The "interests of justice inquiry" is "peculiarly context-specific." Id. at 1287. However, in reviewing substitution motions on appeal, factors to be considered by reviewing courts may include: "the timeliness of the motion; the adequacy of the court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict." Id. (citations omitted). The Supreme Court has further observed that ". . . courts cannot properly resolve substitution motions without probing why a defendant wants a new lawyer." Id. at 1288 (citations omitted). Specifically, "an on-the-record inquiry into the defendant's allegations 'permit[s] meaningful appellate review' of a trial court's exercise of discretion." Id. (quoting United States v. Taylor, 487 U.S. 326, 336-37 (1988)).

Here, in Defendant's letter to Magistrate Judge Graham regarding his complaints

about counsel [Doc. No. 59], and in his Motion for Substitution of Counsel [Doc. 60], Wetsch indicated that he had not received copies of motions filed on his behalf, that he did not authorize the filing of certain motions, and that his counsel had not filed particular motions that he had requested them to file. (Pro Se Letters to Magistrate Judge [Doc. No. 59 at 1-2; Doc. No. 60 at 3].) Wetsch also argued that counsel had filed continuance motions that he contended were not authorized by him. Additionally, he accused his counsel and the prosecutor of engaging in intentional, dilatory tactics, in violation of his due process rights, rising to the level of bad faith or maliciousness. (Pro Se Letter to Magistrate Judge [Doc. No. 60 at 2].) Wetsch asserted that when he expressed his concerns to counsel and raised the possibility of substitute counsel, "it f[e]ll on deaf ears and no action [was] taken." (Id. at 3.)

Under the context-specific "interests of justice" standard, Defendant's Motion for Substitution of counsel was timely, in that it was filed prior to his pretrial motions hearing. As to the adequacy of the Magistrate Judge's inquiry into Defendant's complaints, the Magistrate Judge indicated that she had reviewed Wetsch's submissions, as further evidenced by her discussion of the grounds for Wetsch's complaints with counsel. (Transcript of 8/27/12 Hearing at 3-7 [Doc. No. 66].) In addition, the record reflects that Magistrate Judge Graham twice provided Defendant the opportunity to address the Court, if he had "anything else" to put on the record. (Id. at 1-2.)

However, the Magistrate Judge did not directly inquire of Defendant and counsel into the bases for Wetsch's complaints. While the Magistrate Judge indicated that she

11

did not explore matters in greater detail out of concern for possible Fifth Amendment issues (id. at 7), and perhaps issues of attorney-client privilege, some form of on-the-record inquiry was necessary, outside the presence of the Government. Martel, __ U.S. at __; 132 S. Ct. at 1287-88. The record before this Court contains no such discussion between the Court, Defendant, and his counsel about the bases for his dissatisfaction, the extent of the conflict between client and counsel, or the extent of any breakdown in communication. Given that Defendant had accused his counsel of willfully and maliciously conspiring with counsel for the Government to violate his constitutional rights, the Court must assume the existence of a significant level of conflict and breakdown in communication. Because the record does not contain such an inquiry, the Magistrate Judge's ruling denying Plaintiff's Motion for Substitution of Counsel was clearly erroneous and this Court overturns the portion of the Magistrate Judge's August 28, 2012 Order concerning substitution of counsel.

In reaching this conclusion, the Court emphasizes that it otherwise agrees in all respects with Magistrate Judge Graham's observation that "a criminal defendant is not entitled to substitute counsel merely b]ecause he is frustrated with 'counsel's performance or disagree[s] with his tactical decisions.'" (Order of 9/12/12 at 12 [Doc. No. 73] (quoting United States v. Boone, 437 F.3d 829, 839 (8th Cir. 2006).) This Court also strongly agrees with the Magistrate Judge that Wetsch's former court-appointed counsel, Attorneys Aligada and Durham, are skilled, highly-qualified attorneys. (Id. at 4.) However, because of the lack of sufficient inquiry into the bases for Wetsch's complaints

regarding counsel, the Court overturns the portion of the Magistrate Judge's August 28 ruling [Doc. No. 64] on Defendant's Motion for Substitution of Counsel [Doc. No. 60]. Defendant's Motion for Substitution of Counsel is therefore granted. This ruling thus resolves Defendant's position that he was forced to choose between representing himself, or proceeding with counsel whom he considered unprepared and ineffective. Defendant shall therefore notify the Court and standby counsel within seven days as to whether he chooses to be represented by counsel, or to proceed pro se. If he chooses to be represented by counsel, Mr. Kushner, Wetsch's current standby counsel, shall be appointed as his counsel.

This ruling on Defendant's Motion for Substitution of Counsel also resolves Defendant's appeal of the Magistrate Judge's September 12 ruling on his Motion to Proceed Without Counsel, rendering his appeal moot. As noted, in Faretta, the Supreme Court held that a criminal defendant has a Sixth Amendment right to conduct his or own defense. 422 U.S. at 821. However, the right to proceed pro se is not absolute. Jones v. Norman, 633 F.3d 661, 667 (8th Cir. 2011); see also United States v. Edelman, 458 F.3d 791, 808-09 (8th Cir. 2006) (affirming denial of motion to proceed pro se where defendant was disruptive and request was untimely); United States v. Washington, 434 F.3d 7, 16 (1st Cir. 2006) (refusal of trial court to consider defendant's pro se motion was properly denied where purpose of the request was to become co-counsel, not to proceed pro se); United States v. Kaczynski, 239 F.3d 1108, 1117 (9th Cir. 2001) (affirming denial of defendant's motion to proceed pro se where request was tactical request, made

13

for purpose of delay). "A request to proceed pro se is constitutionally protected only if it is 'timely, not for purposes of delay, unequivocal, voluntary, intelligent and the defendant is competent.'" Jones, 633 F.3d at 667 (quoting United States v. Maness, 566 F.3d 894, 896 (9th Cir. 2009), cert. denied, __ U.S. ___, 130 S. Ct. 1716 (2010)).

Under Faretta, the "key inquiry" in determining whether a self-representation request was made knowingly and voluntarily is whether the defendant was made sufficiently aware of the right to counsel and of the possible consequences of foregoing that right. Id. (citations omitted). "The amount of information a court needs to provide to a defendant and the amount of inquiry the court is required to make to test the defendant's understanding depends on the background, experiences, and conduct of the accused." Id. (citing Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). The Eighth Circuit has held that the relevant test is whether, given these factors, the defendant had enough information to represent himself – not whether the defendant "could have ably defended himself." Id. (citations omitted).

At the hearing on his motion for self-representation, the Magistrate Judge reminded Wetsch of his right to counsel and advised him of the risks and consequences of self-representation. (Transcript of 9/6/12 Hearing at 3; 10 [Doc. No. 77].) She then thoroughly inquired about Wetsch's educational level and general knowledge, determining that he held a college-level nursing degree, had previous experience in the federal criminal system as an inmate, and had read books regarding criminal procedure. (Id. 12-15.) At the hearing, Wetsch repeatedly stated that he voluntarily gave up his right

14

to counsel. (Id. at 17, 22, 36.) To the extent that Wetsch argues on appeal that the waiver of his right to counsel was not truly voluntary, based on his contention that he was forced to choose between going pro se, or being represented by counsel whom he considered ineffective and unprepared, this Court has ruled that Wetsch may proceed with substitute counsel, if he so chooses. His appeal of the Magistrate Judge's September 12 Order granting his Motion to Proceed Without Counsel is therefore denied as moot.

T**HEREFORE**, **IT IS HEREBY ORDERED** that:

1. Defendant's Appeal (Pro Se Stay of Order Pending Appeal [Doc. No. 82] and Addendum [Doc. No. 83]) is **GRANTED in part**, **DENIED in part**, and **DENIED AS MOOT in part**;

2. The Portion of the Order of August 28, 2012 [Doc. No. 64, ¶ 8] denying Defendant's Motion for Substitute Counsel is **OVERTURNED in part,** consistent with this Order;

3. Defendant shall notify the Court and standby counsel within seven (7) days as to whether he chooses to be represented by counsel, or to proceed pro se.

Dated: November 6, 2012              s/Susan Richard Nelson
                                     SUSAN RICHARD NELSON
                                     United States District Judge