UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 12-0045 (SRN/JJG) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Mark Edward Wetsch, | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Defendant Mark Edward Wetsch's Sworn Declaration Regarding Partial Recovery of Missing Document(s) ("Defendant's Declaration") (ECF No. 152). In the body of the Defendant's Declaration, he moves for dismissal of the indictment with prejudice and employment of a forensic analyst or other professional to recover his legal work and pretrial pleadings previously stored on his personal computer disc or computer hard drive.[1] In Defendant's Declaration, he describes technical difficulties associated with attempting to complete and file memoranda in support of his motions to suppress evidence, to dismiss the

---

[1] This Court has notified Defendant that he is required to follow the Local Rules, which include the requirement of properly making motions for relief and properly file motions with the Clerk's office, not by mailing informal letters directly to chambers. (*See, e.g.*, Order, Sept. 12, 2012, ECF No. 73; Order, Sept. 20, 2012, ECF No. 81.) The Honorable Susan Richard Nelson, United States District Judge, entered an Order on November 27, 2012, advising Defendant that informal letters to her will no longer be considered and that motion practice, as contemplated by the Federal Rules of Criminal Procedure, are the "sole means by which a criminal defendant may raise various objections or challenges to the Court." (Order, Nov. 27, 2012, ECF No. 155.) Because Defendant's "Declaration" was filed before Judge Nelson entered her Order, the Court will construe Defendant's Declaration as a motion seeking relief. Going forward, as advised by this Court as well as Judge Nelson, Defendant must abide by the Federal Rules of Civil Procedure and this Court's Local Rules.

indictment, to change venue, and to sever the indictment. The Court recommends Defendant's motion to dismiss the indictment and to employ a forensic analyst be denied.[2]

In Defendant's Declaration, he asserts the Government failed to "ensure the safeguard [sic] of retaining Mr. Wetsch's discovery, legal work product[,] and subsequent pretrial pleading(s), which were due to be filed with the judiciary on November 20, 2012." (Def.'s Decl. 1, ECF No. 152.) The Court cannot ascertain from Defendant's Declaration exactly *how* the electronic documents were lost, but it appears as though Defendant was saving his memoranda and appeals of this Court's orders on a disc, the computer's hard drive, or both. After working with another detainee, Defendant was able to recover five appeals of this Court's orders but none of the memoranda due on November 20. Defendant asserts he is still missing other work product and "several material pretrial pleading(s)." (*Id.*) Defendant goes on to detail the ways in which he alleges Sherburne County Jail staff improperly accessed his electronic records.

Defendant contends he is entitled to dismissal of the indictment charging thirteen counts of armed bank robbery as a result of the Government's failure to safeguard Defendant's legal materials; the Government's opposition to pretrial release; the alleged denial of his "right to have *compulsory process* . . . and *liberty* . . . " (*id.* 2 (emphases in original)); and the Court's denial of "meaningful access to legal material resource(s) and material(s) – *due process* (*id.* (emphasis in original)). None of these alleged justifications are sufficient to warrant dismissal of the indictment. Indeed, dismissal of an indictment is a "drastic remedy." *United States v. Morrison*, 449 U.S. 361, 365-66 (1982) ("More particularly, absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, *even though the violation may have been deliberate*." (emphasis added)); *United States v. Wadlington*, 233 F.3d 1067, 1073-74

---

[2] A separate Order will issue as a result of Defendant's Declaration. The Court will not recount all the details here and in the Order. Rather, the two documents should be read together.

(8th Cir. 2000) (citing *Morrison*, 449 U.S. at 365). A separate order is forthcoming which sets forth a more proportional remedy. Therefore, the Court recommends Defendant's motion be denied.

Accordingly, based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's motion to dismiss the indictment contained in Defendant's Sworn Declaration Regarding Partial Recovery of Missing Document(s) (ECF No. 152) be **DENIED**.

Dated: November 30, 2012                  s/ *Jeanne J. Graham*
                                                        JEANNE J. GRAHAM
                                                        United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **December 18, 2012**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the district judge is not required to review a transcript or the district judge directs otherwise.