# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,  Criminal No. 12-0045 (SRN/JJG)

    Plaintiff,

v.  **ORDER**

Mark Edward Wetsch,

    Defendant.

---

Deidre Y. Aanstad and Kevin S. Ueland, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Mark Edward Wetsch, Sherburne County Jail, 13880 Business Center Drive NW, Elk River, Minnesota 55330, Pro Se

Jordan Kushner, Law Office of Jordan S. Kushner, 431 South Seventh Street, Suite 2446, Minneapolis, Minnesota 55415, Standby Counsel for Defendant

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant's Motion Appealing Portions of Magistrate Judge Jeanne Graham's Order Regarding the Provision of "Other Services" and Specific Legal References [Doc. No. 136], and Defendant's Motion Appealing Magistrate Judge Graham's Order Denying to Provide Funding for "Other Services" [Doc. No. 140].[1] "The standard of review applicable to an appeal of a magistrate judge's

---

[1] Defendant's second appeal on this issue, Doc. No. 140, is virtually identical to his first appeal, Doc. No. 136. The Court therefore refers to them collectively as

(continued...)

order on a nondispositive issue is extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp.2d 1005, 1007 (D. Minn.1999). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). Having conducted the required review, Defendant's Appeals for Other Services are denied.

I.  BACKGROUND

In his Motion Requesting Services Other Than Counsel [Doc. No. 92], Defendant sought "adequate compensation in order to obtain investigative services, legal research, expert services (i.e. independent DNA testing/analysis), legal references, and to be able to purchase telephone minutes to be able to contact such individuals as well as witnesses." (Def.'s Mot. Requesting Servs. at 1 [Doc. No. 92].)  In addition, Wetsch separately moved for access to certain legal reference materials. (Letter Motion for Legal Reference Materials [Doc. No. 71].) At an October 25, 2012 hearing, Magistrate Judge Graham heard argument on these motions and denied them from the bench. (Court Minutes of 10/25/12 at 1-2 [Doc. No. 123].) Shortly thereafter, the Magistrate Judge issued a written order addressing several of Wetsch's motions in detail, including his Letter Motion for Specific Legal References and his Motion Requesting Other Services – the subjects of the instant appeals. (Order of 11/6/12 at 4-5; 8-12 [Doc. No. 130].)

---

[1](...continued)
"Defendant's Appeals for Other Services."

2

### A. Specific Legal References

As to Defendant's Motion for Specific Legal References, Magistrate Judge Graham held that Defendant's motion was rendered moot by virtue of his transfer to the Sherburne County Jail, which Defendant indicated was better-equipped to provide federal legal resources. (Id. at 4.) Moreover, the Magistrate Judge noted that she was "unconvinced that Defendant ha[d] any superior right of access to legal resources above what is afforded the general population of the institution in which he is detained." (Id. at 4) (citing United States v. Kind, 194 F.3d 900, 905 (8th Cir. 1999)).

In Kind, the Eighth Circuit considered a pro se defendant's due process claims stemming from an alleged denial of access to the courts. 194 F.3d at 905. The court rejected Kind's argument, finding that his rights were adequately protected by the offer of standby counsel:

> "Pro se defendants have a right of access to adequate law libraries or adequate assistance from persons trained in the law." United States v. Knox, 950 F.2d 516, 519 (8th Cir. 1991) (quotations omitted). But a pretrial detainee has no abstract right to law libraries or legal assistance; he must "demonstrate that the alleged shortcomings. . . hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996).
>
> In this case, Kind rejected society's most fundamental guarantee of a fair trial – the services of appointed counsel and all the resources at counsel's command to prepare and implement the best possible trial defense. After Kind was permitted to represent himself, he complained to the district court about limited access to legal materials at the state institutions where he was being detained. The court offered the assistance of stand-by counsel, and there is nothing in the record suggesting that stand-by counsel refused to assist Kind in his preparation for trial. The record shows that, while Kind was incarcerated in several state facilities prior to trial, he had access to legal materials in at least two of those locations.

Id. at 905. The court then found that Kind had failed to show that his defense at trial was prejudiced by any lack of legal materials. Id. Further, in dicta, the court noted, "We have serious doubts whether a pretrial detainee who exercises his constitutional right to represent himself at trial thereby becomes entitled to legal resources over and above what are provided to the general inmate population." Id. (citation omitted).

Given that Wetsch initially had court-appointed counsel, elected to proceed pro se, was subsequently offered substitute counsel, currently has stand-by counsel, and has been transferred back to the Sherburne County Jail, the Magistrate Judge's ruling on Defendant's Motion for Specific Legal References is neither clearly erroneous nor contrary to law. Defendant has access to the Sherburne County Jail's Law Library and to the services of his standby counsel, Mr. Kushner. His appeal is denied.

**B.     Compensation for "Services Other Than Counsel"**

The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, provides for the appointment of counsel for indigent criminal defendants and payment for counsel's representation. In addition, the CJA provides for the provision of "services other than counsel," stating:

> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

18 U.S.C. § 3006A(e)(1).

Defendant contends that by virtue of his pro se status, he is "counsel," and therefore he requested compensation for other services, arguing they are necessary to ensure adequate preparation of his defense. (Def.'s Motion Requesting Other Services at 1 [Doc. No. 92].) Specifically, Wetsch requested compensation to obtain investigative services, expert services, legal references, and legal research, as well as additional telephone time in order to communicate about such services. (Id.)

Ruling on this motion, the Magistrate Judge held that the term "counsel," as used in § 3006A(e), does not include a pro se defendant. (Order of 11/6/12 at 9 [Doc. No. 130].) The Magistrate Judge acknowledged that while some courts have held that § 3006A(e) entitles pro se defendants to make requests for investigative or expert services, the Eighth Circuit has not addressed this issue. (Id.) (citation omitted). However, the Magistrate Judge found guidance in United States v. Green, 323 F.3d 1100, 1102 (8th Cir. 2003), in which the Eighth Circuit held that a pro se defendant was not entitled to payment for his self-representation under § 3006A(d)(5) of the CJA, as he was not "counsel" under the plain language of the statute. Noting that Green dealt with a different, though similar provision in the CJA, the Magistrate Judge found that the Eighth Circuit's reasoning applied with equal force to Wetsch's request for "services other than counsel" under § 3006A(e). (Id. at 11.) The Magistrate Judge therefore denied Defendant's motion for compensation for other services.

The Court finds the Magistrate Judge's ruling consistent with the Eighth Circuit's

statutory construction in Green and the plain language of § 3006A(e). The Court therefore affirms Magistrate Judge Graham's ruling, as it is neither clearly erroneous nor contrary to law.[2]

**THEREFORE**, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion Appealing Portions of Magistrate Judge Graham's Order Regarding the Provision of "Other Services" and Specific Legal References [Doc. No. 136] is **DENIED**; and

2. Defendant's Motion Appealing Magistrate Judge Graham's Order Denying to Provide Funding for "Other Services" [Doc. No. 140] is **DENIED**.


Dated: December 12, 2012                s/Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States District Judge

---

[2] As to Defendant's request that the Court file a copy of the transcript of the October 25, 2012 hearing, the Court directs Defendant to Docket Number 134, where the transcript is filed.