# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Mark Edward Wetsch,<br><br>Defendant. | Case No. 12-cr-45 (SRN/JJG)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Deidre Y. Aanstad and Kevin S. Ueland, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff United States of America.

Mark Edward Wetsch, Sherburne County Jail, 13880 Business Center Drive NW, Elk River, Minnesota 55330, Pro Se.

Jordan S. Kushner, Law Office of Jordan S. Kushner, 431 South 7th Street, Suite 2446, Minneapolis, Minnesota 55415, Standby Counsel for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter came before the Court on Defendant's request for reconsideration of this Court's denial of his Motion for Recusal of the Magistrate Judge (Doc. No. 179) and Objections to the Magistrate Judge's November 30, 2012 Order barring the Defendant from filing additional pretrial motions and requiring Defendant to file all memoranda in support of his pending pretrial motions by December 14, 2012. (Doc. Nos. 185–186.) For the reasons set forth below, Defendant's request for reconsideration of this Court's denial of his Motion or Recusal of the Magistrate Judge is denied and Defendant's Objections to the Magistrate Judge's November 30, 2012 Order are overruled.

1

## I. Recusal Motion

Defendant requests that the Court reconsider its November 6, 2012 Order (Doc. No. 129) denying his Motion to Recuse the Magistrate Judge. (Doc. No. 179.) The Court's November 6, 2012 Order stated that "[w]hether the motion is reviewed pursuant to 28 U.S.C. § 144, relating to prejudice or bias of the assigned federal judge, or pursuant to 28 U.S.C. § 455, stating justifications for disqualification for a justice, judge, or magistrate judge, the asserted prejudice or bias must be personal, or extrajudicial, rather than official." (Doc. No. 129 at p. 8) (citing Liteky v. United States, 510 U.S. 540, 548–50 (1994).) The Court noted that that the Defendant "provided no evidence [or] . . . justification [supporting his claim] for disqualification or recusal." (Id. at pp. 8–9.) The Court therefore concluded that the Magistrate Judge's ruling denying recusal was neither clearly erroneous nor contrary to law. (Id.)

Defendant filed a memorandum on December 10, 2012, requesting the Court reconsider the recusal motion because he "was not aware of legal authority pursuant to 28 U.S.C. § 455 or 28 U.S.C. § 144 until another inmate provided him with information he personally had regarding judicial disqualification." (Doc. No. 179 at pp. 2–3) (emphasis in original.) Defendant argues that the Magistrate Judge is prejudiced because she informed Defendant that his decision to proceed pro se was "foolish." (Id. at p. 3.) Having reviewed Defendant's arguments in his motion for reconsideration, the Court again determines that Defendant has not presented evidence to support a claim of bias, prejudice, or conflict of interest on the part of the Magistrate Judge. The fact that the Magistrate Judge informed Defendant that she believed his decision to represent himself pro se was "foolish" does not

rise to the level of evidence to support a claim of bias, prejudice, or conflict of interest under

28 U.S.C. §§ 144 and 455. Accordingly, the Court denies Defendant's request for

reconsideration of its previous Order denying Defendant's Motion for Recusal of the

Magistrate Judge.

## II.    Objections

Defendant objects to the Magistrate Judge's November 30, 2012 (Doc. No. 158)

Order denying his request for an extension of time to file pretrial motions and memoranda.

(Doc. Nos. 185–86.) The standard of review applicable to an appeal of a Magistrate Judge's

order on nondispositive pretrial matters is extremely deferential. Roble v. Celestica Corp.,

627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). This Court will reverse such an order only if

it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a);

D. Minn. LR 72.2(a). "A finding is clearly erroneous when 'although there is evidence to

support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed.'" Lisdahl v. Mayo Found., 633 F.3d 712,

717 (8th Cir. 2011) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)).

"A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law

or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 554, 556

(D. Minn. 2008) (internal quotation marks omitted).

In the Magistrate Judge's November 30, 2012 Order, the Magistrate Judge stated that

the "Defendant's deadline for submitting other pretrial motions has long passed, and, as the

Court previously advised Defendant, any further motions will be considered untimely."

(Doc. No. 158 at p. 2) (citing Order Dated November 6, 2012, Doc. No. 130, at pp. 6–7)

3

(allowing Defendant to supplement motions currently under advisement and barring Defendant from filing new motions). The Magistrate Judge also stated that she would "provide one last chance for Defendant to submit briefing in support of the motions currently under advisement by extending his deadline to December 14, 2012." (Doc. No. 158 at p. 2) (emphasis in original.)

Defendant objects to the Magistrate Judge's decision denying him an extension to file additional pretrial motions. He argues that "the Government has failed to provide him with complete and voluminous discovery" which is necessary for him to prepare his pretrial motions. (Doc. No. 186 at p. 2) (emphasis in original.) Defendant also objects to the Magistrate Judge's decision to deny him an extension to file memoranda in support of pending pretrial motions, arguing that "the Magistrate . . . has yet to provide him with meaningful access to raw legal material and legal authority to fully research and understand the issues with regard to the pending motions." (Doc. No. 185 at p. 1.)

In the Magistrate Judge's November 30, 2012 Order, the Magistrate Judge correctly stated that "[t]his Court has wide discretion in setting deadlines." (Doc. No. 158 at p. 3.) The Eighth Circuit has recognized that district courts have "broad discretion to control the scheduling of events in matters on its docket." Jones v. Clinton, 72 F.3d 1354, 1361 (8th Cir. 1996). "The district court's ability to manage its own docket includes the ability to make decisions regarding the deadline for pretrial filings." United States v. Smith, 422 F.3d 715, 725 (8th Cir. 2005). Federal Rule of Criminal Procedure 12(c) states that "[t]he court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions." Additionally, "[u]nder Federal Rule of Criminal Procedure 12(e), if

4

a party fails to file a pretrial motion by the deadline set by the court, the party waives that issue." United States v. Trancheff, 633 F.3d 696, 697 (8th Cir. 2011); see also United States v. Frazier, 280 F.3d 835, 845 (8th Cir. 2002) ("[T]he failure to raise [an issue that must be asserted in a pretrial motion] in a timely pretrial motion results in 'waiver' of the matter."). Accordingly, the Court concludes that the Magistrate Judge's decision to deny Defendant's request to file additional pretrial motions after the deadline set by the Court and requiring Defendant to file all pretrial memoranda with the Court for pending pretrial motions by December 14, 2012 was not clearly erroneous or contrary to law.[1]

## III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Defendant's request for reconsideration of this Court's denial of his Motion for Recusal of the Magistrate Judge (Doc. No. 179) is **DENIED**;

2. Defendant's Objections to the Magistrate Judge's November 30, 2012 Order barring Defendant from filing additional pretrial motions and requiring

---

[1]     Defendant also argues in his Objections to the Magistrate Judge's November 30, 2012 Order that he is unable to prepare an adequate defense in Sherburne County Jail because he lacks access to legal resources. The Court determines that Defendant's argument is without merit. The Eighth Circuit has stated that a pretrial detainee who exercises his constitutional right to represent himself at trial is not entitled to access legal resources above what is afforded to the general population of the institution in which he is detained. See United States v. Kind, 194 F.3d 900, 905 (8th Cir. 1999). Defendant initially had court-appointed counsel, elected to proceed pro se, was subsequently offered substitute counsel, currently has stand-by counsel, and was transferred to Sherburne County Jail at his request because it was better equipped with federal legal materials. Moreover, Defendant's voluminous filings contain many legal citations in support of his arguments, demonstrating that he is able to review legal materials to assist him in preparing his defense at Sherburne County Jail.

Defendant to file all memoranda in support of his pending pretrial motions by

December 14, 2012 (Doc. Nos. 185–186) are **OVERRULED**; and

3. The Magistrate Judge's November 30, 2012 Order (Doc. No. 158) is

   **AFFIRMED**.


Dated: January 10, 2013                    s/Susan Richard Nelson
                                           SUSAN RICHARD NELSON
                                           United States District Judge