UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Mark Edward Wetsch,<br><br>　　　　　Defendant. | Case No. 12-cr-0045 (SRN/JJG)<br><br>**MEMORANDUM OPINION AND ORDER** |

Deidre Y. Aanstad and Kevin S. Ueland, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff United States of America.

Mark Edward Wetsch, Sherburne County Jail, 13880 Business Center Drive NW, Elk River, Minnesota 55330, Pro Se.

Jordan S. Kushner, Law Office of Jordan S. Kushner, 431 South 7th Street, Suite 2446, Minneapolis, Minnesota 55415, Standby Counsel for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter came before the Court on various motions and letters seeking relief on behalf of Defendant Mark Edward Wetsch. Defendant, appearing pro se, has filed multiple submissions with the Court requesting reconsideration of the Court's denial of his request for an ex parte proceeding to determine his access to investigative and expert services. (Doc. Nos. 205–207, 235–236.)[1] For the reasons set forth herein, the Court denies

---

[1] The Court notes that Court Document Numbers 235 and 236 are duplicates of previously filed submissions by the Defendant. (Compare Doc. Nos. 235–36 with Doc. Nos. 205–206.) Defendant's Certificate of Service states that Defendant filed these submissions twice because he believed Sherburne County Jail may have misplaced his initial filings. (Doc. No. 226.)

1

Defendant's Request.

## I.  BACKGROUND[2]

On September 28, 2012, Defendant filed a Motion Requesting Services Other than Counsel Seeking Investigative and Expert Services. (Doc. No. 92.) Specifically, Defendant sought "adequate compensation in order to obtain investigative services, legal research, expert services (i.e. independent DNA testing/analysis), legal references, and to be able to purchase telephone minutes to be able to contact such individuals as well as witnesses." (Id.)

The Magistrate Judge issued an Order on November 6, 2012, denying Defendant's motion. (Doc. No. 130.) The Magistrate Judge noted that the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A(e), provides that "[c]ounsel for a person who is financially unable to obtain . . . other services necessary for adequate representation may request them." (Id. at 8.) Furthermore, the CJA requires that "[a]fter conducting an ex parte inquiry, the Court 'shall authorize counsel to obtain the services.'" (Id.)

When analyzing whether Defendant was entitled to compensation for services other than counsel, the Magistrate Judge said that she was "not aware of Eighth Circuit authority that directly addresses § 3006A(e)'s provision of services other than counsel to pro se defendants." (Id.) The Magistrate Judge noted that "[o]ther courts to address this issue have reimbursed pro se defendants under § 3006A(e)." (Id. at 9.) The Magistrate Judge

---

[2]  The relevant factual and procedural record of this case are detailed in the Magistrate Judge's November 6, 2012 Order, (Doc. No. 130), and in this Court's December 12, 2012 Order (Doc. No. 188). The Court repeats only those details relevant to consideration of Defendant's request for reconsideration.

concluded, however, that under Eighth Circuit precedent, such relief was not available to Defendant. (Id.) Specifically, the Magistrate Judge cited Green v. United States, 323 F.3d 1100, 1104–05 (8th Cir. 2003), where a pro se defendant sought compensation and cost reimbursement under another section of the CJA—§ 3006A(d)(5). Section 3006A(d)(5) authorizes compensation and cost reimbursement to "the attorney or to the bar association or legal aid agency or community defender organization which provided the appointed attorney." When reviewing the pro se defendant's request for compensation and cost reimbursement, the Eighth Circuit held the plain language of § 3006A(d)(5) authorized reimbursement only to court appointed attorneys—not pro se defendants. Green, 323 F.3d at 1104–05. The court expressly "decline[d] to adopt [the] logic" of a Ninth Circuit case which had awarded a pro se defendant compensation under that section of the CJA. Id.

Recognizing that Green addressed § 3006A(d)(5) and Defendant is seeking relief here under § 3006A(e), the Magistrate Judge determined that these provisions of the CJA were analogous. The Magistrate Judge stated "§ 3006A(e) provides that counsel may request other services in an ex parte application. Much as the section at issue in Green indicated that the reimbursement was appropriate for the attorney, bar association, legal aid agency, or community defender organization, subsection (e)'s limitation is equally clear and constrictive." (Doc. No. 130 at 11.) As such, the Magistrate Judge held that "[b]ecause Defendant is not represented by counsel, and the CJA does not authorize the Court to reimburse a criminal defendant directly, Defendant's motion for reimbursement of costs associated with services other than counsel is denied." (Id. at 12.)

Defendant filed two appeals of the Magistrate Judge's Order denying his request for

3

the Court to provide funding for "other services" in November 2012. (Doc. Nos. 136, 140.) This Court issued an Order on December 12, 2012, affirming the Magistrate Judge's Order. (Doc. No. 188.) The Court stated that it found "the Magistrate Judge's ruling consistent with the Eighth Circuit's statutory construction in Green and the plain language of § 3006A(e)." (Id. at 5–6.) Defendant has now filed an Ex Parte Letter Requesting an Ex Parte Proceeding Pursuant to § 3006A(e), (Doc. No. 205), a Motion for Reconsideration of the Motion Requesting an Ex Parte Proceeding Pursuant to § 3006A(e), (Doc. No. 206), and a Declaration in Support of an Ex Parte Proceeding Pursuant to § 3006A(e). (Doc. No. 207.)

## II.     DISCUSSION

"The Federal Rules of Criminal Procedure do not expressly contemplate motions for reconsideration of rulings on pretrial motions." United States v. Wiley, No. 09-cr-239, 2010 WL 1027810, at *1 n.2 (D. Minn. Mar. 17, 2010). This Court, however, has previously determined that it may consider such a motion. See id. (citing United States v. Dieter, 429 U.S. 6, 8–9 (1976) (per curiam) (suggesting in dicta that courts may properly consider motions for reconsideration in criminal cases)). Defendant has not identified a standard of review applicable to such motions, and the Court declines to do so, finding that it would deny the motion under any standard of review. See, e.g., United States v. Iacaboni, 667 F. Supp. 2d 215, 216 (D. Mass. 2009) (borrowing the civil standard for motions for reconsideration); United States v. Salinas, 665 F. Supp. 2d 717, 720 (W.D. Tex. 2009) (recognizing that motions for reconsideration are warranted where a party has identified manifest errors of law or fact or newly discovered evidence); United States v. Sunia, 643 F.

4

Supp. 2d 51, 60 (D.D.C. 2009) (reviewing the motion under an "as justice requires" standard, while recognizing that a court may also grant a motion for reconsideration if there are other "good reasons" for doing so).

Defendant requests that the Court reconsider its December 12, 2012 Order, denying his request for an ex parte proceeding to determine funding for investigative and expert services. Defendant contends that the Government will introduce evidence at trial that contains DNA results as well as "triangulated cellular telephone data, distinguishing one of [his] cellular telephones, in proximity to various bank robbery location(s)." (Doc. No. 206 at 2.) As a result, Defendant argues that the Court should reconsider its previous Order and provide him funding under § 3006A(e) to obtain an "investigator, DNA expert and a cellular telephone expert to assist in the preparation of his defense." (Id.)

Having reviewed Defendant's multiple submissions, the Court determines that Defendant has not presented any binding legal authority compelling the Court to reconsider its December 12, 2012 Order. In Green, the district court had held that the CJA entitled the defendant to an award of costs directly related to representing himself at a hearing. 323 F.3d at 1104. The Eighth Circuit examined whether the CJA allowed the Court to award costs to a pro se defendant. Id. The court stated that the CJA "provides for the appointment of counsel and the assistance of other individuals, such as expert witnesses, for indigent defendants." Id. (emphasis supplied). The court noted that § 3006A(d)(5) allows the court to fix the "compensation and reimbursement to be paid to the bar association or legal aid agency or community defender organization which provided the appointed attorney." Id. The court concluded "[a]s is clear from its

5

language, this section provides for reimbursement of costs incurred by court-appointed attorneys." Id. (emphasis supplied). The court then held that the defendant, representing himself pro se, was not entitled to any reimbursement under this provision. Id.

The Eighth Circuit in Green expressly declined to follow United States v. Feldman, 788 F.2d 625, 626 (9th Cir. 1986), which had held that the "spirit" of the CJA requires that a pro se defendant be awarded costs incurred in self-representation. Id. In rejecting the reasoning in Feldman, the Eighth Circuit stated "[i]n our view, the purpose of the reimbursement provision is to prevent the uncompensated servitude of attorneys appointed to aid in the representation of indigent persons." Id. The court in Green also stated that "[i]ndividuals who represent themselves and are advancing their own interests are on a different footing altogether" from court-appointed counsel. Id. at 1104–05.

The Court again states its agreement with the Magistrate Judge that, under Green, § 3006A(e) does not extend to a pro se defendant. The plain language of § 3006A(e) states that "[c]ounsel for a person who is financially unable to obtain investigate, expert, or other services necessary for adequate representation may request them in an ex parte application." (emphasis supplied). This is analogous to the CJA section at issue in Green that states "[t]he court shall fix the compensation and reimbursement to be paid to the attorney or to the bar association or legal aid agency or community defender organization which provided the appointed attorney." § 3006A(d)(5) (emphasis supplied). Under Green, the Court must give effect to the plain language of the CJA and will not expand the term "counsel" beyond its ordinary meaning to include pro se defendants. Therefore, Defendant is not entitled to reimbursement for investigative or expert services under the

6

CJA.[3]

## III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Defendant's submissions requesting reconsideration of the Court's denial of his request for an <u>ex parte</u> proceeding to determine his access to investigate and expert services, Doc. Nos. 205–207, 235–236, are **DENIED**.

Dated: January 25, 2013           s/Susan Richard Nelson
                                  SUSAN RICHARD NELSON
                                  United States District Judge

---

[3] To the extent Defendant argues that the Court should provide him funding for legal research, the Court notes that it has previously denied this request on two separate occasions. In its December 12, 2012 Order, the Court noted that the Eighth Circuit has held that a pretrial detainee who exercises his constitutional right to represent himself at trial is not entitled to access legal resources above what is afforded to the general population of the institution in which he is detained. (Doc. No. 188 at 3–4) (citing <u>United States v. Kind</u>, 194 F.3d 900, 905 (8th Cir. 1999). The Court reiterated this determination in an Order dated January 10, 2012. (Doc. No. 218 at 5 n.1.)