**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Crim. No. 12-0045 (SRN/JJG) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Mark Edward Wetsch, | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on various motions by Defendant Mark Edward Wetsch. Defendant filed a Motion to Dismiss the Indictment for Violation of his Speedy Trial Rights (ECF No. 72), a Motion to Change Venue (ECF No. 91), and a Motion to Sever the Indictment (ECF No. 167). After numerous extensions and schedule modifications, as well as a transfer of Defendant from Anoka County Jail to Sherburne County Jail, the Court held a hearing on the motions on December 19, 2012. Defendant appeared on his own behalf with Jordan Kushner, Esq., as standby counsel; Deidre Aanstad, Assistant United States Attorney, and Kevin Ueland, Assistant United States Attorney, appeared on behalf of the Government. As discussed below, the Court recommends Defendant's motion to dismiss the indictment be denied and his motion to sever be granted in part and denied in part. Defendant orally withdrew his motion to change venue at the hearing, and therefore, that motion was denied as moot.

**I.  Factual Background**

Defendant is under indictment for thirteen counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). The robberies with which Defendant is charged occurred on March

9, 2011; April 26, 2011 (two robberies); May 13, 2011; June 13, 2011; November 4, 2011; November 9, 2011; November 22, 2011; December 20, 2011; December 22, 2011; December 27, 2011; December 29, 2011; and January 3, 2012. Defendant was taken into state custody on January 3, 2012, and he has remained in either state or federal custody since that date.

On February 6, 2012, Defendant was indicted in federal court, and he was arraigned on February 9, 2012. At that time, after determining Defendant was indigent, the Court appointed the Federal Defender's Office to represent Defendant. At the arraignment, the Court set forth deadlines for the case, including a pretrial motion due date of March 2, 2012, and a pretrial motion hearing for March 22, 2012.

On February 13, 2012, the Government made a motion for discovery. On March 2, 2012, Defendant, through counsel, moved for a continuance of the motion filing date and hearing. The Court granted the motion and found, pursuant to 18 U.S.C. § 3161(h)(1), that the "continuance best serve[d] the ends of justice and that such ends outweigh[ed] the interests of the public and the defendant in a speedy trial." (Order at 2, Mar. 2, 2012, ECF No. 16.) The Court went on to find defense counsel justified in needing additional time to "make an adequate factual inquiry for the purposes of preparing for the pretrial motions hearing under 18 U.S.C. § 3161(h)(8)(B)(ii) and (iv)."[1] (*Id.*) The Court excluded the time from speedy trial considerations spanning from March 22, 2012, the original hearing date, until April 10, 2012, the rescheduled hearing date. (*Id.*)

---

[1] Defendant's motion and proposed order granting this motion, and others, which the Court ultimately signed, state 18 U.S.C. § 3161(h)(8)(B)(ii) and (iv) as the basis for excluding time from Speedy Trial Act computations. The citation to subsection (8)(B)(ii) and (iv) was a clerical error. The citation should have accurately referred to § 3161(h)(7)(B)(ii) and (iv), as apparently an older form was used that lacks the updated paragraph numbers for the language cited.

On March 27, 2012, Defendant, through counsel, again moved to continue the motion filing date, but did not ask the Court to continue the hearing. Defendant asked that the motion filing date be continued from March 27, 2012, to April 5, 2012, and made no mention of the hearing date. The request for a continuance was based on the following: "The discovery provided by the government is voluminous. Unlike some cases where multiple counts are indicted that overlap one another, in this case, each count is in and of itself a separate crime." (Mot. at 1, Mar. 27, 2012, ECF No. 17.) Based on the representations that there was voluminous discovery and the evidence relevant to each count was distinct, the Court granted Defendant a continuance from March 27, 2012, to April 5, 2012, to file appropriate pretrial motions. (Order at 1, Mar. 27, 2012, ECF No. 18.) The Court sua sponte continued the hearing date from April 10, 2012, to April 19, 2012, to allow sufficient time for the parties and the Court to review the materials and prepare for the hearing. (*Id.*) The Court again made the specific finding that the continuance served the ends of justice and outweighed the public's and Defendant's interest in a speedy trial. (*Id.* at 2.) The Court excluded the time from April 10, 2012, to April 19, 2012, from Speedy Trial Act computations.

On April 16, 2012, both the Government and Defendant advised the Court that a resolution had been reached in this matter, and both parties withdrew their pending pretrial motions. (*See* Letter from Caroline Durham, Apr. 16, 2012, ECF No. 30; Letter from Deidre Aanstad, Apr. 16, 2012, ECF No. 31.) The Honorable Susan Richard Nelson, United States District Judge, scheduled a change of plea hearing for May 22, 2012. On May 22, 2012, before the hearing took place, Defendant, through counsel, moved to reopen the matter and litigate constitutional issues of his case. (Mot. at 1, May 22, 2012, ECF No. 35.) In addition, recognizing that counsel would need time to re-familiarize herself with the issues raised, Defendant, through

counsel, again asked "that the period between the Court's previous order filed March 27, 2012, [setting a hearing for April 19, 2012,] and the [new] hearing [be] excluded from the Speedy Trial Act computations pursuant to 18 U.S.C. § 3161(h)(8)(A)." (*Id.*)

On May 23, 2012, the Court granted Defendant's motion to reopen the case and reset the pretrial motions hearing for July 20, 2012. (Order at 1, May 23, 2012, ECF No. 37.) Based on defense counsel's representations, the Court found, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the continuance served the interests of justice and outweighed the public's and Defendant's interests in a speedy trial. (*Id.* at 2.) The Court also found that defense counsel was justified in needing additional time to prepare. (*Id.*) The Court excluded the intervening time between April 16, 2012, and the new hearing date, July 20, 2012, from speedy trial computations. (*Id.*)

On May 30, 2012, the Government filed its motion for discovery. On June 29, 2012, Defendant filed numerous non-dispositive motions and two motions to suppress evidence. On July 17, 2012, Defendant moved for a continuance of his pretrial motions hearing. Defendant contended that, as a practicing Muslim, he preferred that his pretrial motions hearing be continued until after the conclusion of Ramadan, which ran from July 19, 2012, to August 18, 2012. (Statement of Facts at 1, July 17, 2012, ECF No. 52.) Defendant asserted that Ramadan requires fasting and prayer and that it was "important to [him] that the pretrial motions hearing in [his] case be held after the completion of Ramadan." (*Id.*) Defendant asked the Court to exclude the time from Speedy Trial Act computations. (*Id.*; Mot. Exclude Time Under Speedy Trial Act, July 17, 2012, ECF No. 51.) The Court denied Defendant's Motion. (Order, July 18, 2012, ECF No. 54.) Defendant moved for reconsideration, and the Court granted his motion largely because the parties had discovered new evidence that was potentially relevant to Defendant's motion to suppress evidence. (Order, July 19, 2012, ECF No. 57.) The Court continued the hearing date to

August 27, 2012, and excluded the period from July 20, 2012, to August 27, 2012, from Speedy Trial Act computations pursuant to 18 U.S.C. § 3161(h)(7)(A).

On August 16, 2012, Defendant filed a pro se motion for substitution of counsel. Defendant asserted he had "consented to the filing of one (1) singular motion on [his] behalf, that being the one on 7/17/12 requesting a continuance due to Ramadan." (Letter from Defendant Mark Wetsch at 3, August 16, 2012, ECF No. 60.) Defendant disagreed with his counsel's decision to file other motions for continuances and refusal to file motions to sever the indictment, dismiss the indictment, and others. (*Id.*) Based on those disagreements, Defendant asked that new counsel be appointed. The Court denied that motion. At the hearing, the Court noted that the strategic decisions about which Defendant complained were insufficient to rise to the level of justifiable dissatisfaction. (Aug. 27, 2012 Hr'g Tr. at 7, Aug. 30, 2012, ECF No. 66.) The Court conducted the rest of the pretrial motions hearing after allowing counsel time to confer with Defendant. Following the conclusion of the hearing, the Court allowed Defendant to submit a supplemental memorandum no later than ten days following the filing of a hearing transcript. The Court issued an order on the parties' non-dispositive motions on August 28, 2012.

In the days following the hearing, during which the parties were allowed to submit memoranda regarding Defendant's motions to suppress evidence, Defendant submitted a letter declaring he was proceeding pro se. (Letter from Defendant Mark Wetsch, Sept. 4, 2012, ECF No. 67.) The Court conducted a *Faretta* hearing on September 6, 2012, and granted Defendant's motion to proceed without counsel.[2] (Order, Sept. 12, 2012, ECF No. 73.) The Court specifically advised Defendant that there was a limit to his access to legal materials and that he would not be

---

[2] Defendant was later offered another opportunity to proceed with Mr. Kushner as appointed counsel, rather than Ms. Durham or Mr. Aligada. (*See* Order, Nov. 6, 2012, ECF No. 129.)

allowed to leave the jail to gather evidence while he was incarcerated. (*Faretta* Hr'g Tr. at 8-9, Sept. 18, 2012, ECF No. 77.)

After granting Defendant's motion to proceed pro se, the Court set a deadline of September 24, 2012, for Defendant to submit materials in support of his motions to suppress, to change venue, to dismiss, and to sever the indictment. (Order at 16, Sept. 12, 2012, ECF No. 73.) The Court allowed Defendant until September 28, 2012, to file any new motions. (*Id.* at 17.) On September 21, 2012, Defendant submitted a request for an extension of "at least ten-business-days." (Def.'s Req. Exten. of Time Prep. Pretrial Plead. at 8, Sept. 21, 2012, ECF No. 82.) The Court granted an extension on September 26, 2012, allowing Defendant until October 12, 2012, to submit materials supporting his motions. (Order, Sept. 26, 2012, ECF No. 88.) On September 27, 2012, Defendant filed a motion asking the Court to initiate an investigation into allegations of misconduct by Ms. Durham and collusion between Ms. Durham and Ms. Aanstad. (Mot. Initiate Investigation, Sept. 27, 2012, ECF No. 90.) Based on the nature of the allegations, the Court granted the Federal Defender's motion to withdraw from representing Defendant. Due to the significant disruption caused by the withdrawal and Defendant's decision to represent himself, the Court extended Defendant's filing deadlines. The Court allowed Defendant until October 16, 2012, to file non-duplicative motions and until October 19, 2012, to file memoranda in support of his motions to suppress evidence. (Order at 1-2, Oct. 3, 2012, ECF No. 95.)

The Court held a hearing on October 25, 2012, to address various motions and letters submitted by Defendant. The Court held a hearing despite Defendant's failure to submit memoranda in support of his outstanding motions. Following the hearing, the Court granted yet another extension, allowing Defendant until November 20, 2012, to file materials in support of his pending dispositive motions. (Order at 6-7, Nov. 6, 2012, ECF No. 130.) Defendant failed

again to meet that Court deadline. Defendant alleged that some of his pretrial submissions, but not all, were lost on a computer disc and he was unable to meet the Court's November 20, 2012, deadline. Accordingly, the Court granted one final extension, allowing Defendant to "submit briefing in support of the motions *currently under advisement* by extending his deadline to December 14, 2012." (Order at 2, Nov. 30, 2012, ECF No. 158 (emphasis in original).) The Court reiterated that Defendant was not allowed to file new pretrial motions because the deadline for filing pretrial motions had long passed. (*Id.* at 2-3.)

Defendant submitted a brief in support of his motions to suppress evidence and motion to sever the indictment on December 10, 2012. The Government filed its opposition on December 18, 2012. The Court held a hearing on December 19, 2012, to allow Defendant an opportunity to outline his argument for the Court regarding his motions to suppress evidence, motion to dismiss the indictment for violation of the speedy trial act, motion to sever the indictment, motion to change venue, and motion to prohibit the Government from monitoring Defendant's communications. Defendant withdrew his motion to change venue, and accordingly, the Court denied that motion as moot from the bench. At the close of the hearing, because the Government submitted its memorandum one day prior to the hearing in accordance with the Court's previous orders, the Court allowed Defendant to submit one final response to the Government's opposition. Defendant was required to have his reply memorandum postmarked no later than January 2, 2013.

At the December 19 hearing, Defendant repeated his desire to plead guilty to Count 1 of the Indictment—related to the January 3, 2012, robbery in Brewster, Minnesota. He also indicated a desire to testify as to some counts of the Indictment but not all. Defendant asserted he had alibi testimony associated with some counts. At no point, however, did Defendant indicate

7

with any specificity the counts about which he wished to testify and those for which he intended to exercise his Fifth Amendment rights.

Finally, in compliance with the Court's Order, Defendant submitted memoranda in support of his motions to suppress evidence and motion to sever the indictment on January 4, 2013. Defendant also submitted various exhibits, none of which had been admitted into evidence at any pretrial motions hearing. Accordingly, the Court allowed the Government an opportunity to object to the admission of any of Defendant's proposed exhibits by no later than January 14, 2013. The Court received the Government's objections on January 14, considered them, and issued an Order on January 16, 2013, overruling the Government's objections. At that point, the Court had received all memoranda and evidence relevant to the motions and the record was closed. The Court's January 16 Order noted that, because the Court had received all exhibits and briefing related to the motions, they were under advisement at that time.

## II.     Motion to Dismiss the Indictment

Defendant has moved to dismiss the indictment for violation of the Speedy Trial Act ("the Act"), 18 U.S.C. § 3161. There are two separate avenues of relief for a criminal defendant asserting he has been deprived a speedy trial. *United States v. Thirion*, 813 F.2d 146, 154 (8th Cir. 1987). A criminal defendant's first avenue of relief is the Speedy Trial Act, which requires a defendant to stand trial within 70 days of the filing of the indictment or his first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1); *accord United States v. Leone*, 823 F.2d 246, 247 (8th Cir. 1987). The Sixth Amendment provides the second avenue of relief. *See Barker v. Wingo*, 407 U.S. 514, 534 (1972). Although Defendant has sought dismissal of the indictment only pursuant to the statute, Defendant's pro se status impels the Court to construe his submissions liberally and address possible constitutional challenges as well. *See*

*United States v. Sprouts*, 282 F.3d 1037, 1041 (8th Cir. 2002) ("Sixth Amendment and Speedy Trial Act challenges for delay are reviewed independently of one another."). Accordingly, the Court will also address applicable arguments arising under the Sixth Amendment and the speedy trial guarantees contained therein.

    A.    **Speedy Trial Act**

        1.    **Standard of Review**

To establish a violation of the Act, Defendant must demonstrate that more than 70 non-excludable days have passed since Defendant's first appearance before a judicial officer. 18 U.S.C. § 3161(c)(1); *see also United States v. Perez-Perez*, 337 F.3d 990, 994-95 (8th Cir. 2003). The Act excludes time from speedy trial calculation for various reasons. Any time during which pretrial motions are pending, "from the filing of the motion through the conclusion of the hearing on . . . such motion," is automatically excluded from computations. 18 U.S.C. § 3161(h)(1)(D).[3] Furthermore, "delays reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" are automatically excluded. 18 U.S.C. § 3161(h)(1)(H). Finally, any time the Court excludes in the interest of justice pursuant to § 3161(h)(7)(A) or (B) is excluded from computations.

        2.    **Analysis**

The Court finds no violation of the Act. The plain language of the Act excludes from speedy trial calculation any time from the filing of motions through the conclusion of the hearing on those motions. § 3161(h)(1)(D). Days during which motions are pending, regardless of whether they are the Government's motions or Defendant's motions, are automatically excluded.

---

[3] In October 2008, Congress renumbered portions of § 3161. Accordingly, cases that predate the renumbering refer to 18 U.S.C. § 3161(h)(1)(F); those cases are applicable to the Court's analysis.

*United States v. Williams*, 557 F.3d 943, 951-52 (8th Cir. 2009). That time is excludable whether the hearing on the motions is prompt or not, *Henderson v. United States*, 476 U.S. 321, 326 (1986), and whether the pendency of the motion is the cause of the delay or not, *Williams*, 557 F.3d at 952 (citing *United States v. Vo*, 413 F.3d 1010, 1015 & n.2 (9th Cir. 2005)). Furthermore, the time during which a court awaits the filing of supplemental submissions is also excludable. *Id.* (citing *United States v. Mentz*, 840 F.3d 315, 329 (8th Cir. 1988)).

In the instant case, motions have been pending almost constantly since Defendant made his first appearance in court, many of them filed by Defendant. Defendant was arraigned on February 9, 2012, and the speedy trial clock began to run on February 10, 2012. *See United States v. Long*, 900 F.2d 1270, 1274 (8th Cir. 1990) (citations omitted) (noting that the 70-day count begins the day after arraignment). On February 13, 2012, the Government filed its motion for discovery. Accordingly, three includable days passed during that period. The Government withdrew its motion on April 16, 2012, when the Court was notified of an agreement between the parties that would resolve the case.

As noted above, Defendant's pretrial motions hearing was delayed three times as a result of Defendant seeking continuances. Defendant's argument that the speedy trial clock was tolled only until the original motions hearing date lacks merit. First, Defendant's argument that he did not consent to the continuances or other motions is inapposite. Such consent is simply not necessary. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004) (finding that defense counsel has authority to manage most aspects of a defense); *Taylor v. Illinois*, 484 U.S. 400, 417-18 (1988) (finding it unnecessary to obtain client's consent for "every tactical decision"). Second, Defendant's argument that the continuances were ineffective because the Court did not make detailed findings is flawed. The Court specifically made the findings that the continuances served

the ends of justice, and those ends outweighed the interests of the public and Defendant in a speedy trial. Furthermore, counsel for Defendant was justified in seeking more time to prepare, something Defendant has done several times since proceeding pro se. Even more important, however, is that the Government's motion was *already pending*. The Court could have forgone making any findings in granting the continuances and the time still would be excluded due to the pendency of the Government's motion. Defendant responds to that argument by asserting that the Government filed the motion to circumvent the Act. That argument also lacks merit because the Act does not differentiate between motions filed by the Government or the Defendant, nor does it require the determination of the motion to be the cause of the delay. *See Williams*, 557 F.3d at 952. Accordingly, the period from February 13, 2012, to April 16, 2012, is appropriately excluded from speedy trial calculations.

The period from April 16, 2012, to July 19, 2012, is also appropriately excluded from speedy trial calculations. To reiterate, both parties advised the Court that they believed a resolution had been reached in this case on April 16, 2012, and accordingly both parties withdrew their motions. On May 22, 2012, Defendant moved to reopen the case and asked that the Court exclude the time that had elapsed between March 27, when the Court previously set a hearing date, and the new hearing date from speedy trial act calculations. On May 23, 2012, the Court granted Defendant's motion, reopened the matter, reset a new pretrial motions hearing date for July 20, 2012, and excluded the time from speedy trial calculations. The Court specifically found that "the continuance best serve[d] the ends of justice and that such ends outweigh[ed] the interests of the public and the defendant in [a] speedy trial." (Order 2, May 23, 2012, ECF No. 37.) Such a finding was appropriate for numerous reasons. The most compelling reason to exclude that time from speedy trial calculations is that failure to do so would incentivize

defendants who enter into preliminary plea agreements to withdraw that preliminary acquiescence and reap the benefits of non-excludable months having passed by. That result would be wholly unjust. The exclusion of time plainly served the ends of justice. Thus, the time is properly excluded.[4]

On May 30, 2012, the Government re-filed its pretrial motion for discovery. On June 29, 2012, Defendant filed numerous motions, including two motions to suppress evidence. The motions to suppress evidence will be addressed by this Court in a forthcoming Report and Recommendation. The Court took the motions to suppress under advisement on January 16, 2012.

Defendant has filed myriad other motions and requests for relief, all of which have served to toll the speedy trial clock, too. Because Defendant's original motions to suppress evidence were pending, the Court need not recount the dates and dispositions of Defendant's other motions. Furthermore, Defendant also filed an interlocutory appeal, challenging the Court's detention order. That appeal also served to toll the speedy trial clock. 18 U.S.C. § 3161(h)(1)(C). Again, because that appeal was filed and decided within the time during which Defendant's suppression motions were pending, the Court need not recount the specific details of Defendant's interlocutory appeal.

Because the Court finds that only three includable days have elapsed, Defendant's motion as it concerns the Speedy Trial Act should be denied.

---

[4] Even in the event that the time from March 27 to July 19 is not excludable under the Act based on the "ends of justice" exclusion, a conclusion the Court roundly rejects, the Government's filing of a pretrial motion seven days later on May 30, 2012, automatically excluded time from the speedy trial computations from that date forward. *See Henderson*, 472 U.S. at 326-32 (discussing the exclusion of time due to the pendency of pretrial motions; time excluded regardless of whether delay between filing motions and conclusion of the hearing was "reasonably necessary"; excluding time during which a court waits for post-hearing submissions).

B.  Sixth Amendment

1.  Standard of Review

A violation of a defendant's Sixth Amendment right to a speedy trial is violated when: (1) the delay is uncommonly long; (2) the Government is more to blame than the criminal defendant for the delay; (3) the defendant asserted his right to a speedy trial; and (4) the defendant suffered prejudice as a result of the delay. *United States v. Aldaco*, 477 F.3d 1008, 1019 (8th Cir. 2007) (citing *Doggett v. United States*, 505 U.S. 647, 651 (1992)). It would be an abnormal case in which a defendant would fail to prove a violation of the Speedy Trial Act but succeed in demonstrating a violation of the Sixth Amendment. *Id.* at 1018-19 (quoting *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003)) ("But this court has stated, 'It would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not.'"). The Eighth Circuit has held, "A delay approaching a year *may* meet the threshold for presumptively prejudicial delay." *Titlbach*, 339 F.3d at 699 (emphasis added).

2.  Analysis

The Court finds no violation of Defendant's Sixth Amendment speedy trial right. The first factor, whether the delay is uncommonly long, is neutral. Defendant has been under federal indictment since February 2012. While the Eighth Circuit has found that delay of a year "may meet the threshold for presumptively prejudicial delay," *id.*, a delay of a year or more is not necessarily violative of the Sixth Amendment's speedy trial guarantee, *Williams*, 557 F.3d 943, 949 (finding no violation where the defendant was incarcerated for over four hundred days awaiting trial). Due to the number of robberies involved, it is not surprising the pretrial matters have been lengthy and complex. While delays of a year or more are not frequent, the length of delay is only one factor for the Court to consider.

With regard to the second factor, the Court finds that the circumstances weigh profoundly against finding a violation of the Sixth Amendment. At nearly every turn, the delay has been at the hands of Defendant. When represented by counsel, Defendant sought three continuances. After deciding to proceed without counsel, Defendant routinely ignored the Court's deadlines and refused to file memoranda in support of his motions. While Defendant argued repeatedly without success that he failed to file memoranda because he was deprived of access to legal materials, that argument was heard and addressed, then appealed and upheld. At that point, Defendant's repeated insistence that he could not file memoranda without greater access to legal materials served no purpose but to delay the determination of this matter. Accordingly, Defendant may not reap the benefits of his constitutional speedy trial right when he has been the chief agent of delay. Allowing such a result would encourage defendants to intentionally delay their proceedings only to later cry foul. It would also discourage the Government from consenting to meritorious requests for continuances for fear that its consent could work a speedy trial violation.

The third factor, whether Defendant has asserted his right, weighs in favor of granting his motion; however, the fourth factor, prejudice to Defendant, counterbalances the third. Defendant has likely gained a significant advantage as a result of the delay in that he has had an opportunity to scour the Internet for legal resources and prepare his defense. It is no secret that proceeding pro se puts a criminal defendant at a disadvantage based solely on his familiarity with the criminal justice system. Accordingly, being afforded time to read materials online and prepare himself for trial has favored Defendant.

Based on the factors as set forth above, the Court is firmly convinced that Defendant's Sixth Amendment speedy trial right has not been violated. Accordingly, the Court recommends his motion to dismiss the indictment be denied.

## III. Motion to Sever the Indictment

### A. Standard of Review

Where a defendant moves to sever an indictment, the Court is required to determine whether joinder is warranted under Rule 8 of the Federal Rules of Criminal Procedure. Joinder of offenses is allowed by Rule 8(a). Fed. R. Crim. P. 8(a) (allowing joinder of offenses of the same or similar character or that are connected with a common scheme or plan); *see also United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984). If the counts are properly joined, the Court must decide whether, pursuant to Federal Rule of Criminal Procedure 14, justice and potential prejudice require the Court to exercise its discretion by severing the counts from one another, ordering separate trials, or otherwise curing the prejudice. *United States v. Warfield*, 97 F.3d 1014, 1018 (8th Cir. 1996) (citing *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995)). Furthermore, joinder rules are afforded liberal construction in favor of initial joinder. *Id.* at 1018-19.

Initial joinder is warranted based on the same or similar character of the offenses charged. *See, e.g.*, *United States v. Lewis*, 547 F.2d 1030, 1033 (8th Cir. 1976) (affirming denial of severance of multiple bank robbery counts where there was no showing of prejudice; suggesting, in dicta, that a desire to testify as to one or more counts, but not all counts, would constitute prejudice sufficient to sever counts). Furthermore, offenses are properly joined as being "same or similar" if they refer to the same type of offenses occurring over a relatively

short period of time and rely on similar evidence. *United States v. Boyd*, 180 F.3d 967, 981 (8th Cir. 1999).

The Court considers the permissive nature of Rule 8 in conjunction with Federal Rule of Criminal Procedure 14, which provides for relief from prejudicial joinder. *See United States v. Thomas*, 610 F.2d 1166, 1169 (8th Cir. 1979) (affirming trial court's decision denying criminal defendant's motion to sever 31-count indictment). Analysis of whether to sever counts of an indictment begins with the strong presumption against severing properly joined cases. *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005) (citing *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996)). Despite that presumption, Rule 14 allows the Court discretion to "order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Rule 14 requires the Court to sever the indictment if a party demonstrates prejudice that is "severe or compelling." *United States v. McArthur*, Crim. No. 12-0026 (JRT/JSM), 2013 WL 101925, at *3 (citing *United States v. Pherigo*, F.3d 690, 693 (8th Cir. 2003)). The decision of whether to sever a trial is "left to the sound discretion of the trial court, and will not be reversed absent a showing of abuse of discretion resulting in clear prejudice." *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993); *United States v. Mason*, 982 F.2d 325, 327 (8th Cir. 1993). The Court must first determine whether the counts in the indictment were properly joined under Rule 8 and, if so, then decide whether Defendant is entitled to relief pursuant to Rule 14.

**B. Analysis**

**1. Rule 8**

Rule 8(a) of the Federal Rules of Criminal Procedure provides for the initial joinder of offenses if the offenses charged "are of the same or similar character." *See, e.g.*, *United States v. Young*, 701 F.3d 1235, 1238-39 (8th Cir. 2012) (noting similarity of clothing, verbiage,

appearance, and demeanor in affirming denial of severance). Here, Defendant is charged with thirteen armed bank robberies. In each robbery charged in the Indictment, the suspect wore dark clothing, a black mask, and gloves. The use of a small, revolver-style gun, either real or "toy," is also common to each of the thirteen counts. The offenses are of the same type, occurred over a relatively short period of time, and share some evidence, at least with regard to the clothing, use of a similar handgun, and, for several counts, the vehicle observed at the scene. Because the crimes and the *modus operandi* in each of the thirteen counts are similar, the Court finds that initial joinder under Rule 8 was appropriate.

### 2. Rule 14

Whether the counts in the Indictment should be severed under Rule 14, however, is a separate question. As explained below, the Court finds that Count 1 should be severed and tried separately. Count 2 through Count 8 should also be severed, resulting in three separate trials.

The Court recognizes that there is a strong preference in favor of joinder to promote judicial economy. *See United States v. Erickson*, 610 F.3d 1049, 1054 (8th Cir. 2010). The Court will not, however, subject Defendant to a single trial if doing so would unfairly prejudice him. A trial on thirteen counts of armed bank robbery would severely prejudice Defendant under the circumstances.

Defendant has openly admitted to having committed the Rolling Hills robbery in Brewster, Minnesota. He has repeatedly sought to plead guilty to Count 1 of the Indictment, and the evidence against him, including his repeated admissions in court documents, could potentially spill over and contaminate the trial on the other twelve counts. Of the numerous cases the Court has reviewed, cases upholding joinder of more than six counts of bank robbery were scarce. *See, e.g.*, *United States v. Hunt*, No. 07-1518, 2009 WL 175063, *4 (10th Cir. Jan. 27,

17

2009) (affirming denial of severance of indictment containing six counts of bank robbery); *United States v. Chambers*, 964 F.2d 1250, 1250-51 (1st Cir. 1992) (same); *United States v. Benson*, 199 F. Supp. 2d 735, 736-39 (S.D. Ohio 2002) (denying severance of indictment containing six counts of bank robbery). The Court does not believe that joinder of six counts represents a maximum number of counts before a defendant is prejudiced, but the lack of cases affirming a trial of more than six counts is telling. And while there may be strategic reasons to defend all at once, allowing jeopardy to attach, that is not the way Defendant requests to proceed.

Accordingly, the Court finds that presenting evidence on twelve armed robberies, on which the jury must make distinct decisions, may be confusing. While the Court could issue a limiting instruction to lessen the impact, the cumulative nature of the evidence could deprive Defendant of an "appreciable chance of acquittal" on those counts where the evidence may be weaker. *United States v. Wadena*, 152 F.3d 831, 850 (8th Cir. 1998) (citation omitted). In addition, while some evidence of the other counts may be admissible in subsequent trials under Rule 404(b), *United States v. Steele*, 550 F.3d 693, 702 (8th Cir. 2008), severance enables the Court an extra layer of prophylaxis in that it can limit *how much* Rule 404(b) evidence is admitted based on Rule 403 and, in addition, can employ limiting instructions to ensure any prejudice is minimized.

Finally, there is a gap of nearly five months between Count 8 and Count 9. Accordingly, the Court recommends that a trial of the bank robberies occurring between November 4, 2011, and December 29, 2011, be conducted separately from those occurring between March 9, 2011, and June 13, 2011. Grouping the trials by similar dates reduces the chance that the jury will merely mingle the evidence of each robbery.

Based on the potential for prejudice to Defendant, the Court recommends severance of the Indictment, resulting in the following trial groups: Count 1; Count 2 through Count 8; and Count 9 through Count 13.

IV. Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss the Indictment (ECF No. 72) be **DENIED**; and

2. Defendant's Motion to Sever the Indictment (ECF No. 167) be **GRANTED** by severing Count 1 and Count 2 through Count 8 from Count 9 through Count 13.

Dated: February 8, 2013

    s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **March 11, 2013**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the district judge is not required to review a transcript or the district judge directs otherwise.