UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>v.<br><br>Mark Edward Wetsch,<br><br>            Defendant. | Case No. 12-cr-0045 (SRN/JJG)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Deidre Y. Aanstad and Kevin S. Ueland, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America.

Mark Edward Wetsch, Sherburne County Jail, 13880 Business Center Drive NW, Elk River, Minnesota 55330, Pro Se.

Jordan S. Kushner, Law Office of Jordan S. Kushner, 431 South Seventh Street, Suite 2446, Minneapolis, Minnesota 55415, Standby Counsel for Defendant.

SUSAN RICHARD NELSON, United States District Judge

      This matter came before the Court on three separate Objections [Doc. Nos. 315, 316, 317] to Magistrate Judge Graham's March 1, 2013 Order [Doc. No. 291]. First, Defendant objects to the denial of his motion to compel disclosure of historical bank robbery information for robberies occurring in Illinois in 2012 [Doc. No. 315]. Second, Defendant objects to the March 1 Order insofar as it did not prohibit the Government from monitoring Defendant's communications [Doc. No. 316]. Finally, Defendant objects to the March 1 Order with regard to its denial of Defendant's motion to compel the Government's weekly provision of an Imam [Doc. No. 317]. As set forth below, the Court overrules Defendant's

1

objections and affirms Magistrate Judge Graham's March 1, 2013 Order.[1]

I. **Standard of Review**

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

II. **Motion to Compel Disclosure of Historical Bank Robbery Information**

In this motion, Defendant sought disclosure of bank robbery data related to robberies committed after he was apprehended. The robberies occurred in Illinois. Defendant sought "specific and public historical subject matter the Government . . . has in its control, with respect to bank robberies that occurred in Illinois <u>only</u> in the year 2012, involving the Man in Black suspect." (Mot. Compel Disclosure of Historical Bank Robbery Information at 3, [Doc. No. 271] (emphasis in original).) In denying the motion, Magistrate Judge Graham held that Defendant failed to meet Rule 16 of the Federal Rules of Criminal Procedure's "materiality" requirement. (Order of Mar. 1, 2013 at 6, [Doc. No. 291].)

It is apparent that Defendant is already in possession of information that allegedly links the robberies with which he is charged and those that occurred after his incarceration. Aside from that, the Court agrees with Magistrate Judge Graham's conclusion that Defendant has failed to establish materiality with regard to *all* robberies that occurred in

---

[1] The background and history of this matter has been recounted repeatedly. Accordingly, the Court will move directly to a discussion of the matters before it.

Illinois in 2012. Accordingly, because Defendant has not demonstrated why information related to every bank robbery in Illinois during 2012 is material to the preparation of his defense, Magistrate Judge Graham's ruling is not clearly erroneous or contrary to law. Therefore, Defendant's objection is overruled.

### III. Motion to Prohibit Government Censorship

Next, Defendant objected to Magistrate Judge Graham's order denying Defendant's motion to "disallow the Government from censoring" his communications. (Objection to Order Disallowing Censorship at 1 [Doc. No. 316].) Defendant claims he has lost potential defense witnesses because he has not been free to communicate without Government censorship. (Id. at 2.) Defendant further asserts his communications are privileged and protected under the First and Fourth Amendments to the United States Constitution. (Id.) Defendant takes no issue with Sherburne County Jail's monitoring of his communications but instead objects to the Government's monitoring of his communications.[2]

Magistrate Judge Graham denied Defendant's motion for two reasons. First, relying on precedent from the Supreme Court and the Eighth Circuit, Magistrate Judge Graham found that Sherburne County Jail was authorized to open and review Defendant's mail. (Order of Mar. 1, 2013 at 2-3, [Doc. No. 291] (Stroud v. United States, 251 U.S. 15, 21-22 (1919); United States v. Kelton, 791 F.2d 101, 103 (8th Cir. 1986); Bumgarner v.

---

[2] Defendant repeatedly refers to "censorship." The record is completely devoid of any evidence that the Government is censoring Defendant's communications. To clarify, censorship suggests that the Government is *suppressing* Defendant's communications – that is, monitoring *and* halting the dissemination of that information. See Wolff v. McDonnell, 418 U.S. 539, 576 (1974) ("[F]reedom from censorship is not equivalent to freedom from inspection or perusal."). It is clear Defendant is concerned with monitoring in general.

3

Bloodworth, 768 F.2d 297, 301-02 (8th Cir. 1985)).) In so holding, the Magistrate Judge found that, so long as Sherburne County had an established practice of inspecting mail, the jail could continue to monitor Defendant's communications. (Id. at 3).) Second, Magistrate Judge Graham found that Defendant's communications with non-counsel could not be designated as privileged. (Id.) Along with that finding, Magistrate Judge Graham recounted two instances in which Defendant erroneously utilized the "Attorney-Client Privileged" designation. (Id.) The Magistrate Judge then noted that, to the extent Defendant is communicating with counsel, that communication would be properly designated as privileged. (Id.)

The Court agrees with Magistrate Judge Graham's conclusions. First, monitoring by Sherburne County Jail is entirely appropriate, in accordance with its established practice, for institutional safety, especially when the letters were voluntarily written and sent. See, e.g., Stroud, 251 U.S. at 52. Likewise, Defendant's communications with non-attorneys are not privileged because he is not an attorney, nor are those with whom he is communicating. Moreover, even if those communications were privileged or otherwise protected from disclosure in the first instance, "disclosure of attorney client communications [to a third party] expressly waives the privilege." United States v. Workman, 138 F.3d 1261, 1263 (8th Cir. 1998). The moment Defendant shares the communications over which he claims privilege with a third party, those communications are stripped of any privilege they may have enjoyed. For the reasons stated in Magistrate Judge Graham's Order, as well as the reasons stated herein, Defendant's objection is overruled.

    **IV.**     **Motion to Provide an "Imaum"**

4

Finally, Defendant moved for an order requiring the Government to provide him with regular visitation from a "learned *Imaum*." (Mot. Compel Gov't Provide Imaum at 1, [Doc. No. 259] (emphasis in original).) Magistrate Judge Graham denied the motion as moot because the Government represented that it was endeavoring to find an Imam willing to travel to Sherburne County. Defendant objects, arguing he did not ask the Court to require the Government to *search* for an Imam, but rather, to *provide* an Imam. Defendant's objection is overruled.

First, Defendant's criminal case is not a "catch-all" through which he may challenge every condition of confinement. Issues related to diet, medical care, and provision of religious services, while important, are unrelated to the crimes with which Defendant is charged or the preparation of his defense. As this Court has advised Defendant, the subject matter of his motions must be confined to "arguments or challenges regarding his criminal case." (Order of Nov. 27, 2012 at 1, [Doc. No. 155].) More importantly, however, searching for a willing Imam is a necessary precursor to providing an Imam. Thus, because the relief sought by Defendant was already in progress, denial of the motion as moot was appropriate. Accordingly, Defendant's objection is overruled.

V. **ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Objections [Doc. Nos. 315, 316, 317] to the Magistrate Judge's March 1, 2013 Order [Doc. No. 291] are **OVERRULED**;

2. The Magistrate Judge's March 1, 2013 Order [Doc. No. 291] is **AFFIRMED.**

5

Dated: April 12, 2013   s/Susan Richard Nelson
                        SUSAN RICHARD NELSON
                        United States District Judge