**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Mark Edward Wetsch,<br><br>    Defendant. | Case No. 12-cr-0045 (SRN/JJG)<br><br>**MEMORANDUM OPINION AND ORDER** |

Deidre Y. Aanstad and Kevin S. Ueland, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America.

Mark Edward Wetsch, Sherburne County Jail, 13880 Business Center Drive NW, Elk River, Minnesota 55330, Pro Se.

Jordan S. Kushner, Law Office of Jordan S. Kushner, 431 South Seventh Street, Suite 2446, Minneapolis, Minnesota 55415, Standby Counsel for Defendant.

SUSAN RICHARD NELSON, United States District Judge

  This matter came before the undersigned United States District Judge on various motions. The Court will address each motion in turn.

  **I. Defendant's Motions *in Limine* Regarding Testimony of Provocateurs [Doc. Nos. 301, 304]**

  Defendant moves *in limine* to exclude the testimony of "provocateurs." He contends the United States Attorney's Office has attempted to enlist the assistance of other inmates detained at Sherburne County Jail to elicit incriminating information from him. He further contends other inmates have been perusing his personal materials and have had access to his

private trial materials. At the final pretrial hearing, Defendant indicated that this motion was withdrawn because no Sherburne County inmates were on the Government's witness list for the trial on Count I. Accordingly, these motions are denied as moot.

## II. Defendant's Motion Averring Contempt and Discovery Violation [Doc. No. 338]

Defendant asks the Court to require the Government to conduct a nationwide coordinated discovery search. The Court previously required the Government to provide statistics on every robbery in the United States wherein the suspect was a Caucasian male wearing a black mask, to the extent the Government had that information. (Order of Mar. 19, 2013 at 5-6 [Doc. No. 306].) Defendant now asks the Court to require the Government to provide information on every bank robbery in 2012. Defendant has not shown why information related to *every* bank robbery is relevant or material to the preparation of his defense. Accordingly, this motion is denied.[1]

## III. Government's Motion *in Limine* [Doc. No. 342]

The Government filed a motion *in limine* asking the Court to: (1) prohibit Defendant's introduction of his own hearsay statements; (2) prohibit Defendant's calling witnesses to support any alibi defense for failure to comply with Rule 12.1 of the Federal Rules of Criminal Procedure; (3) preclude Defendant from cross-examining witnesses outside the scope of Rules 608 and 609 of the Federal Rules of Evidence; (4) require Defendant to pose questions to himself, or have standby counsel pose questions, in the event he chose to testify in order to create a proper record and an opportunity to object;

---

[1] If the Government has information in its possession that is responsive to the March 19, 2013 Order, it should comply with its terms.

(5) preclude Defendant from referring to the potential punishment he may face if convicted; and (6) sequester potential witnesses pursuant to Rule 615 of the Rules of Evidence. Defendant indicated he had no objection to the Government's motion. In light of Defendant's plea however, this motion is denied as moot.

### IV.  Defendant's Motion Requesting Pretrial Conference and Trial Continuance [Doc. No. 355]

Defendant sought a pretrial conference and a continuance of the April 22, 2013 trial date. At the pretrial conference, Defendant indicated he wished to withdraw his request for a continuance. This motion is denied as moot.

### V.  Defendant's Motion Requesting Reimbursement for the Creation of One Trial Exhibit [Doc. No. 356]

Defendant seeks reimbursement for the creation of a trial exhibit. More specifically, Defendant requests an order requiring Mr. Kushner to assist in the creation of the exhibit. In light of Defendant's plea, this motion is denied as moot.

### VI.  Defendant's Motion Requesting Pretrial Conference and Trial Continuance and Sworn Declaration [Doc. No. 361]

Defendant moves for a continuance in light of the Court's adoption of Magistrate Judge Graham's Report and Recommendation concerning severance. Defendant asserts he is unable to timely submit trial documents in light of the severance because he was previously planning on proceeding to trial on all 13 counts of the Indictment. At the pretrial hearing on April 18, 2013, Defendant withdrew this motion and submitted his trial materials. Accordingly, it is denied as moot.

## VII. Defendant's Motion for Trial Continuance and Sworn Declaration [Doc. No. 362]

Finally, in this motion, Defendant seeks a continuance based on neck pain and "localized tenderness which was extending down his left posterior shoulder." (Motion for Trial Continuance at 2, Apr. 15, 2013 [Doc. No. 362].) Defendant withdrew this motion at the pretrial hearing. Accordingly, it is denied as moot.

## VIII. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Motions *in Limine* Regarding Testimony of Provocateurs [Doc. Nos. 301, 304] are **DENIED AS MOOT**;

2. Defendant's Motion Averring Contempt and Discovery Violation [Doc. No. 338] is **DENIED**;

3. Government's Motion *in Limine* [Doc. No. 342] is **DENIED AS MOOT**;

4. Defendant's Motion Requesting Pretrial Conference and Trial Continuance [Doc. No. 355] is **DENIED AS MOOT**;

5. Defendant's Motion Requesting Reimbursement for the Creation of One Trial Exhibit [Doc. No. 356] is **DENIED AS MOOT**;

6. Defendant's Motion Requesting Pretrial Conference and Trial Continuance and Sworn Declaration [Doc. No. 361] is **DENIED AS MOOT**; and

7. Defendant's Motion for Trial Continuance and Sworn Declaration [Doc. No. 362] is **DENIED AS MOOT**.

Dated: April 23, 2013	s/Susan Richard Nelson
	SUSAN RICHARD NELSON
	United States District Judge