| United States of America, | Case No. 12-cr-45 (SRN/JJG) |
|---|---|
| Plaintiff, | |
| v. | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS THE INDICTMENT** |
| Mark Edward Wetsch, | |
| Defendant. | |

Deidre Y. Aanstad and Kevin S. Ueland, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff United States of America.

Mark Edward Wetsch, Sherburne County Jail, 13880 Business Center Drive NW, Elk River, Minnesota 55330, Pro Se.

Jordan S. Kushner, Law Office of Jordan S. Kushner, 431 South 7th Street, Suite 2446, Minneapolis, Minnesota 55415, Standby Counsel for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court upon the Objections of Defendant Mark Edward Wetsch [Doc. No. 324] to the February 8, 2013, Report and Recommendation ("R & R") of Magistrate Judge Jeanne J. Graham. [Doc. No. 267.] In the R & R, the Magistrate Judge recommended denying Defendant's Motion to Dismiss the Indictment and granting Defendant's Motion to Sever the Indictment. (Id.) On April 10, 2013, the Court issued an Order adopting the portion of the Magistrate Judge's R & R recommending that the Court grant Defendant's Motion to Sever the Indictment. [Doc. No. 348.] Therefore, the only issue remaining before the Court is Defendant's Objections to the portion of the Magistrate

1

Judge's R & R recommending that the Court deny Defendant's Motion to Dismiss the Indictment. For the reasons set forth below, the Court adopts the portion of the Magistrate Judge's R & R recommending that the Court deny Defendant's Motion to Dismiss the Indictment.

I.   BACKGROUND[1]

Defendant has been indicted for thirteen counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). [Doc. No. 4.] Defendant has been charged with perpetrating robberies on March 9, 2011; April 26, 2011 (two robberies); May 13, 2011; June 13, 2011; November 4, 2011; November 9, 2011; November 22, 2011; December 20, 2011; December 22, 2011; December 27, 2011; December 29, 2011; and January 3, 2012. (Id. at 1–9.) Defendant was taken into state custody on January 3, 2012, and he has remained in either state or federal custody since that date.

On February 6, 2012, Defendant was indicted in federal court, (id.), and he was arraigned on February 9, 2012. [Doc. No. 9.] At that time, the Court appointed the Federal Defender's Office to represent Defendant. (Id.) The Court also outlined deadlines for the case, including a pretrial motion due date of March 2, 2012, a pretrial motion hearing for March 22, 2012, and a trial date of April 16, 2012. [Doc. No. 10.]

On February 13, 2012, the Government filed a Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2. [Doc. No. 11.] Specifically, the Government requested that the Defendant disclose, among other things, all

---

[1] The factual and procedural background of this case is well documented in the Magistrate Judge's R & R and is incorporated herein by reference. [Doc. No. 267.]

2

documents and tangible objects that he intended to introduce as evidence at trial, all reports of examinations and scientific tests or experiments made in connection with the action, a written summary of expert testimony, and any alibi witnesses on whom Defendant intended to rely.  (Id. at 1–3.)  On March 2, 2012, Defendant filed a Motion for Continuance of Motion Filing Date and Motion Hearing.  [Doc. No. 15.]  The Motion stated that Defendant "is indicted on 13-counts of bank robbery.  The discovery provided by the government includes 32 discs of material.  Additional time is needed to review the materials with [Defendant].  This motion serves the interests of justice."  (Id. at 1.)  The Motion also stated that "[p]ursuant to 18 U.S.C. § 3161(h)(1), the period of continuance should be excluded from the computation of the Speedy Trial Act."  (Id.)

On March 2, 2012, the Court granted Defendant's Motion for Continuance of Motion Filing Date and Motion Hearing.  [Doc. No. 16.]  The Court stated that "[p]retrial motions shall be filed on or before March 27, 2012, responses to any motions shall be filed on or before April 3, 2012, and a hearing on pretrial motions shall be held on April 10, 2012."  (Id. at 1) (emphasis omitted.)  The Court further stated:

> This order is entered pursuant to 18 U.S.C. § 3161(h)(1).  The Court specifically makes the finding that such continuance best serves the ends of justice and that such ends outweigh the interests of the public and the defendant in a speedy trial.  The Court further finds that defense counsel is justified in needing the additional time to make an adequate factual inquiry for purposes of preparing for the pretrial motions hearing under 18 U.S.C. § 3161(h)(8)(B)(ii) and (iv).  Having made these findings, the Court excludes from speedy trial considerations the time granted for the continuance in this proceeding.  The period of time from March 22, 2012, the date of the original hearing date, through April 10, 2012, the date of the rescheduled hearing, shall be excluded from the Speedy Trial Act computations in this case.

(Id. at 2.)[2]

On March 27, 2012, Defendant filed a Motion for Continuance of Motion Filing Date stating that "[w]hile counsel for [Defendant] has been diligent in reviewing the discovery and identifying issues for the hearing, additional time is necessary to ensure full review with [Defendant]." [Doc. No. 17.] The Court granted Defendant's request for a continuance to file pretrial motions from March 27, 2012, to April 5, 2012. [Doc. No. 18.] The Court also, sua sponte, continued the hearing date from April 10, 2012, to April 19, 2012, to provide it sufficient time to review the parties' materials and prepare for the hearing. (Id. at 1.) The Court again found that the continuance served the ends of justice and outweighed the public's and Defendant's interest in a speedy trial and excluded the time from April 10, 2012, to April 19, 2012, from the Speedy Trial Act computations in this case. (Id. at 2.)

On April 16, 2012, Defense counsel wrote a letter to the Court stating "[t]he parties in this matter have reached a resolution. As such, [Defendant] is hereby withdrawing the pretrial motions he filed. Respectfully, he asks that the motion hearing currently scheduled for April 19, 2012 . . . be cancelled." [Doc. No. 30.] Similarly, the Government wrote a letter to the Court stating, "[i]n light of the resolution reached in this matter, the United States is hereby withdrawing its pretrial motion." [Doc. No. 31.] The Court then issued an Order striking the criminal motions hearing scheduled for April 19, 2012. [Doc. No. 32.] The Court also scheduled a change of plea hearing for May 22, 2012. [Doc. No. 33.]

---

[2] The Magistrate Judge noted in the R & R that the citation to subsection (h)(8)(B)(ii) and (iv) was a clerical error and that citation should have referred to § 3161(h)(7)(B)(ii) and (iv). (R & R dated February 8, 2013 at 2 n.1 [Doc. No. 267].)

On May 22, 2012, Defendant filed a Motion to Re-Open stating that "[a]fter further consideration, [Defendant] wishes to litigate the constitutional issues raised in his case." (Def.'s Mot. to Re-Open at 1 [Doc. No. 35].) Defendant also stated,

> Given the procedural history of the case, defense counsel needs time to prepare for the motions hearing. [Defendant] faces 13-counts of bank robbery and each count requires a separate investigation. As such, counsel will need time to prepare for the hearing.
>
> Respectfully, he asks the Court to find this motion serves the interests of justice by the setting of a motions hearing and trial. Further, he asks that the period between the Court's previous order filed March 27, 2012, and the hearing excluded from the Speedy Trial Act computations.

(Id.) On May 23, 2012, the Government wrote a letter to the Court stating that it had "no objection to the Defendant's Motion to Re-Open." [Doc. No. 36.]

The Court granted Defendant's Motion to Re-Open on May 23, 2012 and set a pretrial motions hearing for July 20, 2012. (Order dated May 23, 2012 at 1 [Doc. No. 37].) The Court stated that Defendant's prior motions "cannot be reinstated" and if "Defendant wishes to have those motions considered, he shall re-file those motions, along with any new motions he wishes to have considered." (Id.) The Court also stated that a continuance "serves the ends of justice and that such ends outweigh the interest of the public and the defendant in speedy trial." (Id.) Therefore, the Court excluded the time between April 16, 2012 and the new hearing date, July 20, 2012, from speedy trial computations. (Id.)

On May 30, 2012, the Government filed a Motion for Discovery. [Doc. No. 38.] On June 29, 2012, Defendant filed the following non-dispositive motions: (1) Motion to Retain Rough Notes; (2) Motion for Disclosure of 404(b) Evidence; (3) Motion for Release of Brady Materials; (4) Motion for Discovery and Inspection; (5) Motion to Request Grand

5

Jury Transcripts; and (6) Motion for Disclosure of Jencks Act Material. [Doc. Nos. 41–46.] Defendant also filed a Motion to Suppress Evidence Obtained as a Result of Search and Seizure and a Motion to Suppress Statements, Admissions, and Answers. [Doc. Nos. 47–48.]

On July 17, 2012, Defendant filed a Motion to Continue Motion Hearing Date. [Doc. No. 50.] In the Motion, Defendant explained that "as a practicing Muslim, the currently-scheduled motion hearing date falls during Ramadan, the Muslim holy month of fasting." (Id. at 1.) Defendant stated that "[g]iven the significance of Ramadan and its requirement of prayer and fasting, [he] believes that it would be best to hold a pretrial motions hearing after the completion of Ramadan." (Id.) As such, Defendant requested that the pretrial motion hearing be continued until "a date after the end of Ramadan, August 18, 2012." (Id. at 2.) Defendant also stated that "[b]ecause pretrial motions have been filed, [Defendant] believes that the speedy trial clock is currently stopped. However, out of an abundance of caution, in a separate motion, he moves to exclude 30 days from the speedy trial computations." (Id.)

Defendant then filed a separate motion seeking to exclude "a 30-day period from the date of the Court's order on this motion from the Speedy Trial Act computations in this case, not to extend beyond August 18, 2012." [Doc. No. 51.] Defendant also filed a Statement of Facts in Support of Exclusion of Time Under Speedy Trial Act requesting that "a 30-day period of time be excluded from the time in which I would otherwise have to be brought to trial on my case." [Doc. No. 52.] Defendant personally signed the Statements of Facts in Support of Exclusion of Time Under Speedy Trial Act. (Id. at 2.) While noting

6

that Defendant's Motion was his "third request for a continuance in this matter," the Government stated that it had "no objection to the Defendant's Motion to Continue Motion Hearing Date." [Doc. No. 53.]

On July 18, 2012, the Court denied Defendant's Motion to Continue Hearing Date stating that "Defendant has not shown how appearing at the currently scheduled hearing will prohibit his practice of fasting and prayer during Ramadan." (Order dated July 18, 2012 at 2 [Doc. No. 54].) Defendant filed a Motion for Reconsideration on July 19, 2012, arguing that "[a] continuance presents no prejudice to either party" and that "[t]he only potential harm would be to [Defendant]'s speedy trial rights, which he has waived." (Def.'s Mot. for Reconsideration of Mot. to Continue Mot. Hearing Date at 3 [Doc. No. 55].) Defendant filed a Supplement to his Motion for Reconsideration on July 19, 2012, stating that the Government recently informed him that "the arresting officers' squad car was equipped with a video camera." (Suppl. to Def.'s Mot. for Reconsideration of Mot. to Continue Mot. Hearing Date at 1 [Doc. No. 56].)

On July 19, 2012, the Court issued an Order continuing the pretrial motion hearing date to August 27, 2012. (Order dated July 19, 2012 at 1 [Doc. No. 57].) The Court excluded the period from July 20, 2012, to August 27, 2012, from the Speedy Trial Act computations pursuant to 18 U.S.C. § 3161(h)(7)(A). [Doc. No. 58.] The Court noted that "Defendant has . . . provided the Court with more detailed information as to how this hearing would conflict with his religious beliefs." (Order dated July 19, 2012 at 1 [Doc. No. 57].) The Court also recognized that this information "coupled with an apparent discovery

7

of additional material relevant to Defendant's Motion to Suppress" justified granting Defendant's Motion for Reconsideration. (Id.)

On August 9, 2012, Defendant filed a pro se letter with the Court. (Def.'s Pro Se Ltr dated August 9, 2012 at 1 [Doc. No. 59].) In the Letter, Defendant noted that he requested his attorney to file a "continuance due to Ramadan," but alleged that he had also requested that his counsel file other motions, including change of venue and severance, which they did not do. (Id. at 2.) Defendant filed another pro se letter with the Court on August 16, 2012, and asserted that he consented to the filing of one motion for continuance, "that being the one on 7/7/12 requesting a continuance due to Ramadan." (Def.'s Pro Se Ltr to the Ct dated August 16, 2012 at 3 [Doc. No. 60].) Defendant disagreed with his counsel's decision to file other motions for continuances and requested the Court appoint new counsel. (Id.) The Court denied the motion. [Doc. No. 64.]

The Court held a hearing on pretrial motions on August 27, 2012. [Doc. No. 61.] At the start of the hearing, the Court noted that the Defendant's disagreement with his counsel's strategic decisions was an insufficient basis for the Court to appoint new counsel. (Hr'g Tr. dated August 27, 2012 at 2:16–5:17 [Doc. No. 66].) The Court stated:

> [I]n February we tried to schedule the pre-trial motion hearing for March 22nd. It was rescheduled twice, the first time to make sure that counsel had time to properly review the discovery and prepare for the hearing, and the second motion was actually not even to move the hearing date, it was just to make sure that they had time to submit all of the motions. I moved the hearing date because I wanted to make sure everyone had proper opportunity to prepare. But given the nature of the case and, frankly, the possible consequences for you, it seems to me that counsel would have been incompetent to dive into the hearing unprepared, and so it was imminently reasonable they asked for it, and, frankly, it allowed only for a—I guess it was like a 30–day—less than 30 days, really, of speedy trial time which I

8

> specifically found was in the interest of justice to allow. So I find that those first two were properly filed. I—I say that specifically because I know that you say that you didn't get enough communication and didn't approve of those. I found that those were in fact properly filed. Counsel made a reasonable, strategic choice there to make sure that they were prepared.

(Id. at 4:21–5:17.) The Court then took a recess to allow counsel time to confer with Defendant and then proceeded to hear argument on the remaining pretrial motions. (Id. at 8:10–11.) Following the hearing, the Court allowed Defendant to submit a supplemental memorandum no later than ten days following the filing of a hearing transcript. [Doc. No. 63.] The Court noted that "[b]ecause the hearing remains open to receive the written closing documents of the parties, the Speedy Trial Act clock is tolled pursuant to 18 U.S.C. § 3161(h)(1)(D)." (Id.) The Court issued an Order on the parties' non-dispositive motions on August 28, 2012. [Doc. No. 64.]

On September 4, 2012, Defendant submitted a letter to the Court declaring that he was proceeding pro se. [Doc. No. 67.] Defendant stated, "to ensure my voice is heard and your unwillingness to grant me a change of counsel, I am wanting to exercise my rights to representing myself from this day forward. Effective August 28, 2012 I am going to proceed pro se." (Id.) The Court conducted a Faretta hearing on September 6, 2012, and granted Defendant's motion to proceed without counsel. [Doc. No. 73.] The Court also stated that Defendant has "indicated that he will supply the Court with a brief outlining his position on the two motions to suppress evidence currently under advisement. Thus, Defendant may have until September 24, 2012, to respond to the currently pending motions to suppress evidence." (Id. at 16.) The Court allowed Defendant until September 28, 2012, to file any new motions. (Id. at 17.)

9

On September 21, 2012, Defendant submitted a request for an extension of "at least 10-business days" to file his post hearing briefs on his suppression motions. (Def.'s Req. Exten. of Time to Prep. Pretrial Plead. at 8 [Doc. No. 82].) The Court granted an extension on September 26, 2012, allowing Defendant until October 12, 2012, to submit materials supporting his motion. (Order dated Sept. 26, 2012 [Doc. No. 88].) The Court also stated that "[b]ecause the hearing remains open to receive the written closing documents of the parties, the Speedy Trial Act clock is tolled pursuant to 18 U.S.C. § 3161(h)(1)(D)." (Id.)

On September 27, 2012, Defendant filed a motion asking the Court to initiate an investigation of misconduct by his federal defender, Caroline Durham, and Deidre Aanstad, the Assistant United States Attorney prosecuting the case. [Doc. No. 90.] Based on the nature of the allegations, the Court granted the Federal Defender's motion to withdraw from representing Defendant. [Doc. No. 95.] Due to the disruption caused by the withdrawal and Defendant's decision to represent himself, the Court extended Defendant's filing deadlines. (Id. at 1–2.) The Court allowed Defendant until October 16, 2012, to file non-duplicative pretrial motions and until October 19, 2012, to file memoranda in support of his motions to suppress evidence. (Id.)

On October 25, 2012, the Court held a hearing to address various motions and letters by Defendant. [Doc. No. 123.] Because Defendant had not submitted memoranda in support of his outstanding motions, the Court granted him an extension until November 20, 2012, to file materials in support of his pending motions to suppress evidence. (Order dated November 6, 2012, at 6–7 [Doc. No. 130].) When Defendant did not meet that deadline, he claimed that his pretrial submissions were lost on a computer disc. Accordingly, the Court

granted him another extension, allowing Defendant to "submit briefing in support of the motions currently under advisement by extending his deadline to December 14, 2012." (Order dated November 30, 2012, at 2 [Doc. No. 158].)

Defendant filed a brief in support of his motions to suppress evidence and motion to sever the indictment on December 10, 2012. [Doc. Nos. 166–167, 172.] The Government filed its opposition on December 18, 2012. [Doc. Nos. 193–194.] The Court held a hearing on December 19, 2012. [Doc. No. 198.] At the end of the hearing, the Court allowed Defendant to submit a final response to the Government's opposition. Defendant was required to have his reply memorandum postmarked no later than January 2, 2013. (Id.)

In compliance with the Court's Order, Defendant submitted a memorandum in support of his motions to suppress evidence and statements and motion to sever the indictment on January 4, 2013. [Doc. Nos. 212–213.] Defendant also submitted various exhibits, none of which were admitted into evidence at any pretrial motions hearing. [Doc. No. 214.] As such, the Court allowed the Government an opportunity to object to the admission of any of Defendant's proposed exhibits by no later than January 14, 2013. [Doc. No. 217.] The Court received the Government's objections on January 14, 2013, [Doc. No. 226], and the Court overruled the objections on January 16, 2013. [Doc. No. 240.] The Court also stated,

> At this time, all arguments on Defendant's motion to suppress evidence and statements have been submitted. All evidence offered by either party has been admitted for the purpose of deciding Defendant's suppression motions. Accordingly, at this time the record of the August 27, 2012 hearing is closed, and the Court will now take those motions under advisement.

(Id.)

On February 8, 2013, the Magistrate Judge issued an R & R recommending that the Court deny Defendant's Motion to Dismiss the Indictment. [Doc. No. 267.] The Magistrate Judge found that only three includable days had elapsed under the Speedy Trial Act. (Id. at 12.) Defendant filed timely Objections to the Magistrate Judge's R & R on March 28, 2013. [Doc. No. 324.]

## II. DISCUSSION

### A. Standard of Review

A district court must make an independent, de novo evaluation of those portions of an R & R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b).[3]

### B. Motion to Dismiss For Speedy Trial Act Violations

The Speedy Trial Act requires the government to commence trial of a federal criminal defendant within 70 days after the defendant is charged or makes an initial appearance. 18 U.S.C. § 3161(c)(1). A defendant has the burden of proof to show that his statutory right to a speedy trial has been violated. United States v. Williams, 557 F.3d 943, 950 (8th Cir. 2009). "When a violation of the time limits of the Act is shown to have

---

[3] The Court notes that Defendant did not object to the part of the Magistrate Judge's R & R recommending that the Court deny Defendant's Motion to Dismiss the Indictment based on the Sixth Amendment. (Cf. Def.'s Objections at 2–21[Doc. No. 324].) The Court, therefore, adopts the portion of the Magistrate Judge's R & R recommending that the Court deny Defendant's Motion to Dismiss the Indictment based on the Sixth Amendment. (R & R dated February 8, 2013 at 13–15 [Doc. No. 267].)

occurred, dismissal is mandatory on motion of the defendant." United States v. Koory, 20 F.3d 844, 846 (8th Cir. 1994).

The Act excludes certain periods of delay, including "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D); accord United States v. Herbst, 666 F.3d 504, 509 (8th Cir. 2012). "[D]elay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" is also excluded. Id. § 3161(h)(1)(H). If the district court holds a hearing on a motion, the "hearing" clause of § 3161(h)(1)(D) controls and the time between the filing and the hearing is thus excludable. Williams, 557 F.3d at 951. If a district court does not hold a hearing on a motion, the "prompt disposition" clause is applicable, and § 3161(h)(1)(H) starts the clock after 30 days if there has been no disposition of the motion that does not require a hearing. Id.

For motions that require a hearing, subsection (D) "excludes any period of delay caused by any pretrial motion, from the filing of the motion through the conclusion of the hearing . . . . whether that hearing was prompt or not." Id. at 952 (citation omitted). The "[e]xclusion of pretrial motion delay is automatic . . . and the time during which a motion is pending is excludable even if the pendency of the motion is not the cause of the delay." Id. (citations omitted). "After the hearing is over, the district court might require supplemental filings from the parties in order to properly resolve the motion." Id. (citation omitted). The time during which the district court is awaiting these filings is excluded. Id. Once the submissions have been received, "prompt disposition" of the motion is required in order to

13

exclude time, and § 3163(h)(1)(H) excludes a maximum of 30 days from the point the motion is actually taken under advisement. Id.

Time may also be excluded for delay resulting from a continuance granted "by any judge on his own motion or at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Such delay is only excluded when "the court sets forth, in the record of the case, either orally or in writing," the reasons for its finding. Id. The court considers several factors when determining whether to grant a continuance under § 3161(h)(7)(A) including "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation . . . for the trial itself within the time limits" of the Act. Id. § 3161(h)(7)(B)(ii). Additionally, "in a case which, taken as a whole, is not so unusual or complex" the court may consider whether failure to grant a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. § 3161(h)(7)(B)(iv).

The Magistrate Judge concluded that the delay caused by the continuances sought by Defendant through his former counsel on March 2, 2012 and March 27, 2012 were excludable time under the Speedy Trial Act. (R & R at 9–11 [Doc. No. 267].) The Magistrate Judge noted that "Defendant's argument that he did not consent to the continuances or other motions is inapposite" because such consent is not necessary. (Id. at

14

10) (citing Florida v. Nixon, 543 U.S. 175, 187 (2004); Taylor v. Illinois, 484 U.S. 400, 417–18 (1988).) Additionally, in response to Defendant's argument that the continuances were ineffective because the Court did not make detailed findings, the Magistrate Judge stated that the Court "specifically made the finding that the continuances served the ends of justice, and those ends outweighed the interest of the public and Defendant in a speedy trial." (Id. at 10–11.) The Magistrate Judge determined that "counsel for Defendant was justified in seeking more time to prepare, something Defendant has done several times since proceeding pro se." (Id. at 11.) Accordingly, the Magistrate Judge recommended that the period from February 13, 2012, to April 16, 2012, is excludable time under the Speedy Trial Act.[4]

Defendant objects to the Magistrate Judge's recommendation that the delay caused by the continuances sought by Defendant through his former counsel on March 2, 2012 and March 27, 2012 should be considered excludable time under the Speedy Trial Act. (Def.'s Objection at 2–9 [Doc. No. 324].) Defendant argues that these continuances were prepared by his former counsel "unbeknownst to [him] and without his consent." (Id. at 2, 6.) Defendant also contends that the Magistrate Judge erred in granting Defendant's request for continuances and excluding time under the Speedy Trial Act because she "failed to conduct . . . [an] independent inquiry or any other form of due diligence as to why more time was needed." (Id. at 4, 7) (emphasis in original.)

---

[4] The Magistrate Judge also noted that from February 13, 2012, to April 16, 2012, the Government's Motion for Discovery was pending so "[t]he Court could have forgone making any findings in granting the continuances and the time would still be excluded due to the pendency of the Government's motion." (R & R dated February 8, 2013 at 11 [Doc. No. 267].)

15

The Court agrees with the Magistrate Judge that the period from February 13, 2012 to April 16, 2012 is excludable time under the Speedy Trial Act. A defendant's lawyer may seek a continuance and the concomitant exclusion of time for Speedy Trial Act purposes without first securing the defendant's personal consent. In United States v. Gates, 709 F.3d 58, 66 (1st Cir. 2013), the defendant moved to dismiss the indictment on speedy trial grounds arguing that his attorney had sought continuances without his consent. Id. at 65. The court held "that in the ordinary course and within the confines of the [Speedy Trial Act] exclusion provisions, defense counsel has the power to seek an [sic] [Speedy Trial Act] continuance without first informing his client or obtaining his client's personal consent." Id. at 66 (citation omitted). The court stated:

> The plain text of the STA authorizes courts to grant continuances "at the request of the defendant or his counsel." 18 U.S.C. § 3161(h)(7)(A) (emphasis supplied). We are confident that this statutory provision says what it means and means what it says. So read, the thrust of the provision comports with the well-settled principle that express consent by counsel is controlling with respect to scheduling and trial management matters without any requirement that the defendant personally acquiesce. See New York v. Hill, 528 U.S. 110, 115 (2000); Taylor v. Illinois, 484 U.S. 400, 417–18 (1988); cf. Gonzalez v. United States, 553 U.S. 242, 250 (2008) (explaining that "[t]o hold that every instance of waiver requires the personal consent of the client himself or herself would be impractical"). In such instances, "the defendant is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." Hill, 528 U.S. at 115, 120 S.Ct. 659 (internal quotation marks omitted).

Id. at 65–66.

Other courts have applied this principle in the Speedy Trial Act context. See, e.g., United States v. Bryant, 134 F.3d 364 (4th Cir. 1998) (unpublished table decision) (finding defendant's counsel spoke for him in Speedy Trial Act context); United States v. Fields, 39

F.3d 439, 443 (3d Cir. 1994) (finding fault with defendant's argument that "he would have us order the dismissal of his indictment based on continuances that his own attorney sought"); United States v. Troy, 564 F. Supp. 2d 42, 47 (D. Me. 2008) (noting, in Speedy Trial Act context, that "[t]he adversary process could not function effectively if every tactical decision required client approval" (internal quotation marks omitted)). Therefore, the Court overrules Defendant's objection to the Magistrate Judge's R & R on the grounds that he was required to provide his consent for his counsel to request continuances and exclusion of time under the Speedy Trial Act.

Additionally, the Court finds that Defendant's argument, that the Magistrate Judge erred in granting his motions for continuances and excluding time under the Speedy Trial Act because she did not conduct a detailed inquiry, is without merit. After the Magistrate Judge set a hearing date of March 22, 2012, on the Government's Motion for Discovery, Defendant filed a Motion for Continuance on March 2, 2012, stating:

> [Defendant] is indicted on 13-counts of bank robbery. The discovery provided by the government includes 32 discs of material. Additional time is needed to review the materials with [Defendant]. This motion serves the interest of justice.
>
> Pursuant to 18 U.S.C. § 3161(h)(1), the period of continuance should be excluded from the computation of the Speedy Trial Act.

[Doc. No. 15.] The Court granted Defendant's Motion for Continuance and specifically found that "such continuance best serves the ends of justice and that such ends outweigh the interest of the public and the defendant in a speedy trial." [Doc. No. 16.] The Court also found that "defense counsel is justified in needing additional time to make an adequate factual inquiry for purposes of preparing for the pretrial motions hearing." (Id.)

17

The Defendant again filed a Motion for Continuance on March 27, 2012, stating:

> [Defendant] is indicted on 13-counts of bank robbery. The discovery provided by the government is voluminous. Unlike some cases where multiple counts are indicted that overlap one another, in this case, each count is in and of itself a separate crime. While counsel for [Defendant] has been diligent in reviewing the discovery and identifying issues for the hearing, additional time is necessary to ensure full review with [Defendant].
>
> This motion serves the interests of justice.

[Doc. No. 17.] The Court issued an Order that same day granting Defendant's Motion for Continuance and scheduling a hearing on all pretrial motions for April 19, 2012. [Doc. No. 18.] In the Order, the Court specifically held that granting the continuance "best serves the ends of justice and that such ends outweigh the interests of the public and the defendant in a speedy trial." (Id.) The Court also noted that "that defense counsel is justified in needing the additional time to make an adequate factual inquiry for purposes of preparing for the pretrial motions." (Id.)

The Court concludes that the Magistrate Judge made sufficiently detailed findings as to the reasons for granting Defendant's motions for continuances and excluding time under the Speedy Trial Act for the period from February 13, 2012, to April 16, 2012. Accordingly, the Court overrules Defendant's Objections to the Magistrate Judge's R & R.[5]

---

[5] The Court notes that even if the record provided insufficient detail as to the reasons the Magistrate Judge granted the continuances, the Magistrate Judge could have forgone making any findings in granting the continuances and the time would still be excluded. Under § 3161(h)(1)(D) "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on . . . such motion" is excludable time under the Speedy Trial Act. During the time between February 13, 2012 and April 16, 2012, the Government's Motion for Discovery was pending and the Court set a hearing date for the motion. Therefore, this time was excludable under § 3161(h)(1)(D).

## III. ORDER

Based on the foregoing and all of the files, records, and proceedings herein, the Court **OVERRULES** Defendant's Objections [Doc. No. 324] and **ADOPTS** the portion of the Magistrate Judge's Report and Recommendation recommending denial of Defendant's Motion to Dismiss the Indictment [Doc. No. 267]. Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss the Indictment [Doc. No. 72] is **DENIED**.

Dated: May 2, 2013						s/Susan Richard Nelson
							SUSAN RICHARD NELSON
							United States District Judge