**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Sheikh Bilaal Muhammad Arafat,<br><br>    Defendant. | Case No. 12-cr-45 (SRN/JJG)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Deidre Y. Aanstad, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Sheikh Bilaal Muhammad Arafat, MCFP Springfield, P.O. Box 4000, Springfield, Missouri 65801, pro se.

SUSAN RICHARD NELSON, United States District Judge

Before the Court is Defendant Sheikh Bilaal Muhammad Arafat's pro se Motion for Return of Seized Property [Doc. No. 533] ("Def.'s Mot."), brought pursuant to Fed. R. Crim. P. 41(g). Arafat contends that he is entitled to the return of various items lawfully seized by the government in the course of investigating a series of bank robberies, for which he ultimately pled guilty.[1] (*See* Def.'s Mot. at 1-2.) Although Arafat is unable to recall exactly what items the government has in its possession, he states that—at minimum—he is entitled to return of the following items seized from his possession:

---

[1] Because Arafat is incarcerated and cannot physically take control of the property at issue here, he requests that any property returned be tendered to an individual to be named at a later date. (*See* Def.'s Mot. at 3.)

1. Apple iPhone;
2. Sony Camera (black in color);
3. Black Ferragamo leather bag (with personal contents);
4. Black TUMI leather bag (with personal contents including photographs);
5. Clothing and personal shoes and boots;
6. Black (bi-fold) leather wallet with personal contents;
7. Tan-colored leather bag with several paper documents;
8. Multiple jackets/coats; and
9. Other personal effects, including a set of keys.

"Rule 41(g) authorizes a person whose property is seized by the government to petition the district court for its return." *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). The burden lies on the movant to establish lawful entitlement to the property. *Id.* This burden is "often satisfied by showing that the property was seized from the movant's possession." *Id.* At that point, the burden shifts to the government to establish a legitimate reason to retain the property—for instance because the property is contraband or subject to forfeiture, or because the government's need for the property as evidence continues. *See United States v. Powers*, No. 13-cr-89 (SRN), 2015 WL 5690973, at *16 (D. Minn. Sept. 28, 2015).

In this case, the government indicates that it has no objection to the release of most personal items seized from Arafat as part of its investigation. (*See* Pl.'s Mem. in Resp. to Def.'s Mot [Doc. No. 535] ("Pl.'s Mem.") at 4.) To facilitate the return, and as requested by Arafat, the government has provided complete lists of all property seized from Arafat's Ford Edge and apartment on January 3, 2012. (*See id.*, Attachs. 1 & 2.) The only items the government specifically argues should not be returned to Arafat are (1) $3,456.00 in cash, and (2) a black toy revolver, both taken from the Ford Edge, which it

asserts are contraband or subject to forfeiture; and any items that are either ammunition or in the name of another individual, which it asserts should not be returned to Arafat because he is not entitled to lawful possession. (*Id.* at 4.) The government further notes that two items listed by Arafat in his Motion—the black Ferragamo leather bag (with personal contents), and the tan-colored leather bag with several paper documents—are not in the government's possession, and thus it cannot return them. (*Id.*)

In light of the general agreement of the parties, the Court accordingly grants Defendant's Motion insofar as it requests the return of items (1) actually in the government's possession and (2) not specifically identified by the government as contraband or subject to forfeiture and (3) neither ammunition nor held in the name of an individual other than Arafat.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion for Return of Seized Property [Doc. No. 533] is **GRANTED** insofar as it requests the return of items seized by the government and (1) actually in the government's possession, (2) not specifically identified by the government as contraband or subject to forfeiture, and (3) neither ammunition nor held in the name of an individual other than Defendant; and

2. The parties are instructed to confer regarding identification of Defendant's designee for purposes of receiving released property, and the date and location of the transfer of that property. The Defendant is directed to notify his designee that he or she must provide proper photo identification prior to release of Defendant's property by the government.

Dated: November 15, 2016        s/Susan Richard Nelson
                                SUSAN RICHARD NELSON
                                United States District Judge