# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Sheikh Bilaal Muhammad Arafat,<br><br>Defendant. | Case No. 12-cr-45 (SRN)<br><br>**MEMORANDUM OPINION AND ORDER** |

Deidre Y. Aanstad, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Sheikh Bilaal Muhammad Arafat, FCI Sandstone, P.O. Box 1000, Sandstone, MN 55072, pro se.

SUSAN RICHARD NELSON, United States District Judge

Before the Court is Defendant Sheikh Bilaal Muhammad Arafat's pro se Motion to Correct Clerical Error in Amended Judgment [Doc. No. 543] ("Def.'s Mot."), brought pursuant to Federal Rule of Criminal Procedure 36. Arafat urges this Court to correct alleged errors in his sentence by vacating two conditions of supervision: that he "participate in a psychological or psychiatric counseling or treatment program as approved by the probation officer" and "refrain from excessive alcohol use." (*See* Def.'s Mot. at 4, 6.) Arafat failed to object to these alleged errors at sentencing.

Federal Rule of Criminal Procedure 26 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or

omission." Here, Arafat contends that the error involved the conditions of his supervised release. *See* Def.'s Mot. at 4; Sentencing Judgment [Doc. No. 484] at 3–4.

A district court has broad discretion in imposing conditions of supervised release. *See, e.g.*, *United States v. Schostag*, 895 F.3d 1025, 1027 (8th Cir. 2018). The conditions should be reasonably related to the factors listed in 18 U.S.C. § 3553(a), which include "the nature and circumstances of the offense and the history and characteristics of the defendant" and whether the defendant needs "educational or vocational training, medical care, or other correctional treatment." *See* 18 U.S.C. § 3553(a)(1) and (2)(D); *United States v. Bender*, 566 F.3d 748, 751 (8th Cir. 2009). A district court has "wide latitude in weighing" these factors, *United States v. Wilkins*, 909 F.3d 915, 917 (8th Cir. 2018) (quoting *United States v. Farmer*, 647 F.3d 1175, 1180 (8th Cir. 2011)), and should base the conditions on "an individualized inquiry into the facts and circumstances underlying a case." *See Wilkins*, 909 F.3d at 918. However, "even in the absence of individualized findings a special condition need not be vacated 'if the basis for the imposed condition can be discerned from the record.'" *United States v. Deatherage*, 682 F.3d 755, 758 (8th Cir. 2012).

The Court finds that neither of the conditions to which Arafat objects were made in error. First, Arafat contends that the special condition related to mental health counseling should be vacated because there was no evidence suggesting such treatment was needed and because it represents an improper delegation of authority to the probation officer. (Def.'s Mot. at 4–5.) At the sentencing hearing, the Court did make an individualized finding that psychological counseling would be beneficial to Arafat. *See*

2

*United States v. Hines*, 745 F. App'x 256, 256 (8th Cir. 2018) ("Before imposing mental health treatment, the court 'must have reason to believe the defendant needs such treatment.'") (citing *United States v. Wiedower*, 634 F.3d 490, 494 (8th Cir. 2011)); Sent. Tr. at 32. The Court connected the seriousness and nature of Arafat's offenses with his lack of remorse and decision to repeat the same criminal activity that led to his first prison sentence, and expressed hope that counseling might help him accept responsibility and "turn [his] life around." *See* Sent. Tr. at 31–32. These facts are therefore distinguishable from *United States v. Kent*, which Arafat cites as an example of a district court abusing its discretion in ordering mental health treatment because it was unrelated to the offense. *See United States v. Kent*, 209 F.3d 1073, 1077 (8th Cir. 2000) (vacating this condition where the problematic behavior had "ceased independently" thirteen years before the hearing); Def.'s Mot. at 3. In addition, unlike in *Kent*, the presentence report here did suggest past mental health issues. *See Kent*, 209 F.3d at 1077 ("Moreover, neither of the pre-sentence reports for Kent's criminal convictions suggest any past or present mental health problems"); PSR ¶¶ 358–61.

Arafat's argument that this condition improperly delegates authority to the probation officer is likewise meritless. This Court exercises its power under the Constitution by imposing conditions, which a probation officer implements and monitors. *See* 18 U.S.C. 3603 (governing the scope of a probation officer's authority); *Kent*, 209 F.3d at 1078 ("[T]he imposition of punishment is a judicial function reserved to the courts under Article III of the United States Constitution."). Here, the Court requires Arafat to attend a mental health treatment program, which is simply "approved by the

3

probation officer." Sent. Judgment at 4. Arafat again cites *Kent*, which held that the district court had "improperly delegated a judicial function to Kent's probation officer when it allowed the officer to determine whether Kent would undergo counseling." 209 F.3d at 1079; Def.'s Mot. at 4. However, the Eighth Circuit explicitly limited its holding in *Kent* to the facts of that case, where, at sentencing, the district court judge had explicitly expressed reluctance to interfere with the probation officer's decisions. *Id.* at 1075, 1078. The facts here are entirely distinguishable, as this Court did not improperly delegate its authority to determine the appropriate conditions of release.

Second, Arafat argues that the standard condition prohibiting "the excessive use of alcohol" is erroneous because the term "excessive" is too vague and because his convictions are not alcohol-related. Def.'s Mot. at 5. However, this is a standard condition of supervised release, related to concerns that emerged in the presentencing report, in which Arafat self-reported using excessive alcohol. *See United States v. Simons*, 614 F.3d 475, 479 (8th Cir. 2010) (citing U.S.S.G. § 5D1.3(c)(7)); PSR ¶¶ 362–64. The Court emphasizes that this condition is far from a complete ban on consuming alcohol, and is reasonably related to the factors in 18 U.S.C. 3553(a).[1] Accordingly, the Court upholds this standard condition.

---

[1] The Court acknowledges that the Seventh Circuit has modified a condition of release prohibiting the "excessive use of alcohol" that "adversely affects the defendant's employment," which was subject to a vagueness challenge. *See United States v. Sandidge*, 863 F.3d 755, 757 (7th Cir. 2017) (modifying condition so as to prohibit the excessive use of alcohol that "materially" adversely affects the defendant's employment). The Court is unaware of Eighth Circuit authority on this question, and *Sandidge* is not controlling on this Court.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to Correct Clerical Error in Amended Judgment [Doc. No. 543] is **DENIED**.

Dated:  March 5, 2019                             s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge