UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Sheikh Bilaal Muhammad Arafat,<br><br>Defendant. | Case No. 12-cr-45 (SRN/JJG)<br><br>**ORDER** |

Deirdre Y. Aanstad, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for the Government

Sheikh Bilaal Muhammad Arafat, Reg. No. 12129-041, FCI Sandstone, K-2 Unit, P.O. Box 1000, Sandstone, MN 55072, Pro Se

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Sheikh Bilaal Muhammad Arafat's Pro Se Motion to Modify Restitution [Doc. No. 675]. At the time Arafat filed the motion on December 14, 2020, he had an appeal pending in this case with the Eighth Circuit Court of Appeals. (Notice of Appeal [Doc. No. 659].) After denying Arafat's appeal, the Eighth Circuit issued its mandate on February 8, 2021 [Doc. No. 693], returning jurisdiction to this Court.[1] Although the Court may now consider Arafat's Motion to Modify Restitution,

---

[1] Arafat has five other pending motions [Doc. Nos. 656, 664, 667, 671, and 694]. The Court now has jurisdiction to address them, and will do so by separate orders.

1

the Court requires additional information in order to rule on this motion, as discussed below.

Arafat is serving a 168-month term of imprisonment, and his sentence includes an order to pay restitution in the amount of $108,786.71.  (Am. Sentencing J. [Doc. No. 498] at 2, 5.)  While incarcerated, Arafat must make restitution payments as follows:  "If the defendant is working UNICOR, he must make monthly payments of at least 50 percent of his earnings. If the defendant is not working UNICOR, he must make quarterly payments of at least $25.  It is recommended the defendant participate in the Inmate Financial Responsibility Program while incarcerated."[2] (*Id*. at 6.)

In March 2020, Arafat filed a motion to modify restitution [Doc. No. 579] due to changes in his financial circumstances because of the COVID-19 pandemic.  The Court denied his motion, finding that his situation was temporary and could be remedied through the administrative process of the Bureau of Prisons ("BOP").  (July 7, 2020 Order [Doc. No. 610] at 3–5.)

In September 2020, Arafat sought reconsideration of his motion, arguing that while the BOP's administrative process may be used to address a grievance with collection procedures, it may not be used to modify the amount of restitution or payment structure.  (Def.'s Mot. for Reconsid. [Doc. No. 612] at 1–2.)

---

[2] Because Arafat refers to a $25 quarterly payment in his motion, (Def.'s Mot. Modify Restitution at 1), it appears that he is not working UNICOR.

2

As the Court noted in its September 8, 2020 Order on Arafat's reconsideration motion, there appears to be a distinction between whether an inmate seeks to modify the amount of payments versus the schedule of payments.  (Sept. 8, 2020 Order [Doc. No. 616] at 4.)  When opposing a scheduled payment amount under the Inmate Financial Responsibility Program, inmates must bring any challenge "under [28 U.S.C. §] 2241 after all administrative remedies have been exhausted." *United States v. Diggs*, 578 F.3d 318, 320 (5th Cir. 2009); *see also Allen v. Rickard*, No. 1:13-25022, 2014 WL 4929418, at *2 (S.D. W. Va. Sept. 30, 2014) ("[A] petitioner cannot use Section 3664(k) to modify or suspend payments made through the IFRP.")  On the other hand, when "challenging a court-ordered repayment schedule . . . suit could be brought under [18 U.S.C. §] 3664(k)." *Diggs*, 578 F.3d at 319-320.

Section 3664(k) provides as follows:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k).

In the September 8 Order, the Court found that even if Arafat sought to modify the restitution payment schedule under § 3664(k), he failed to demonstrate that any change in his economic circumstances was "material," as the statute requires, because he indicated that his wife had funds available. (Sept. 8, 2020 Order at 4–5.) Accordingly, the Court denied his motion. (*Id*.)

In his current motion, Arafat clarifies that he does not seek to modify the amount of payment, but seeks to modify the payment schedule due to a material change in his financial condition, pursuant to § 3664(k). (Def.'s Mot. to Modify Restitution at 2.) Arafat states that initially, he only anticipated the need for modification of restitution for two quarters, but because he has received no inmate pay due to the pandemic, he requires a schedule modification at this time. (*Id*. at 3.) Arafat also contends that his wife is neither obliged nor currently able to assist with his restitution payments. (*Id*. at 4.) Finally, Arafat states that he first raised the issue of a modification with his "Unit Team" within the BOP, and the request was "immediately dismissed" on the grounds that the BOP has no authority to change court-ordered payment schedules. (*Id*. at 3–4.) Accordingly, he requests that the Court suspend the scheduled quarterly payment due in March 2021. (*Id*. at 4.)

The Court requires additional information in order to rule on Arafat's motion. Accordingly, counsel for the Government is directed to file an affidavit or declaration from the BOP addressing the following issues: (1) whether, in light of the Covid-19 pandemic, inmates at FCI-Sandstone are currently working, and in what capacity; (2) how the BOP is handling the restitution payments of inmates who are not receiving work income; (3) what is Arafat's current and anticipated work status, including whether it is UNICOR or non-

4

UNICOR; (4) whether Arafat participates in the Inmate Financial Responsibility Program; and (5) any other information applicable to Arafat's Motion to Modify Restitution.

The Government shall **file this additional information by March 17, 2021**, and Mr. Arafat may **file a response by March 31, 2021**.

**IT IS SO ORDERED.**

Dated: March 2, 2021                                             s/Susan Richard Nelson
                                                                 SUSAN RICHARD NELSON
                                                                 United States District Judge